Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
TAULER SMITH LLP
626 Wilshire Blvd., Suite 510
Los Angeles, California 90017
Tel. (213) 927-9270

*Attorneys for Defendants*
Kyle Oreffice and Give Back Media, LLC

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARYA TOUFANIAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>KYLE OREFFICE, an individual, GIVE BACK MEDIA, LLC, a Georgia limited liability company; and DOES 1-10,<br><br>    Defendants. | Case No. 2:19-cv-07934-DMG-SS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:         July 24, 2020<br>Time:        9:30 a.m.<br>Courtroom:  8C<br><br>Hon. Dolly M. Gee |

## I. INTRODUCTION.

Defendants Kyle Oreffice and Give Back Media, LLC (collectively "Defendants") bring this Reply to their special motion to strike Plaintiff Arya Toufanian's ("Plaintiff") Complaint ("Complaint") pursuant to California Code of Civil Procedure § 425.16 (the "Anti-SLAPP law").

## II. ARGUMENT.

### 1. The Commercial Speech Exemption to the Anti-SLAPP Statute Does Not Apply in This Action.

Plaintiff wrongfully argues that the Anti-SLAPP statute does not apply in the instant case because the statements fall within the commercial speech exemption set forth in section 425.17(c). (See Opposition Brief, "ECF 26" at 11.) However, Plaintiff then goes on to admit that section 425.17(c) is "aimed squarely at false advertising claims," *not* defamation cases like the instant action. (See ECF 26 at 11:20-25)("The legislative history indicates [that the commercial speech exemption under Cal. Civ. Proc. Code § 425.17(c)] is aimed squarely at false advertising claims and is designed to permit them to proceed without having to undergo scrutiny under the anti-SLAPP statute.") Plaintiff did not allege commercial speech in its Complaint, and did not cite to any law that supports its contention that the commercial speech exemption applies to defamation claims.

Contrary to Plaintiff's contentions, the commercial speech exemption does not apply to the instant action.

### 2. Defendants Make a Specific Showing of a Public Issue or Issue of Public Interest.

Plaintiff argues that Defendants do not make a specific showing that Defendants' statements concern a public issue or an issue of public interest, despite the evidence, including articles from renowned national publications submitted in the moving papers, in Defendants' Request for Judicial Notice, as well as the supporting declaration of Mr. Oreffice. Plaintiff contends that *Makaeff v. Trump University* is distinguishable

– 1 –

because, "unlike in those cases, Defendants' publications on their face were not provided in the context of information helpful to consumers." (ECF 26 at 23:23-27.) Not so. The clear impact of *Makaeff* is that public statements made advising consumers of potential fraud are protected speech.

Plaintiff avers that Defendants' statements "loosely and generally touch on the subject of securities fraud" and then proceeds to claim that securities fraud has "little to nothing to do with legitimate issues of public concern." (ECF 26 at 28:25-29:3.) It is self-evident why consumer fraud (whether framed as "securities fraud" or garden variety fraud) is an issue of public concern. Namely, to protect the public from what Defendants view as dishonest practices.

**3. Plaintiff is a Public Figure For Purposes of this Action.**

Plaintiff's argument that Mr. Toufanian is a private citizen for purposes of this action is unsupported and demonstrably false even by Mr. Toufanian's own characterizations of himself. Specifically, Plaintiff's contention that "Defendants fail to present evidence of any particular controversy into which Plaintiff injected himself before filing this lawsuit" is contradicted by Defendants' overwhelming evidence presented in Defendants' Motion and Request for Judicial Notice, not least of which is an article from The New York Times opining on the very same subject matter. (ECF 26 at 28:7-9.)

Furthermore, Plaintiff simply ignores the evidence Defendants present in their Motion regarding Plaintiff's public figure status. Indeed, Plaintiff's claims that Defendants "had a significant hand in creating" controversy over Mr. Toufanian's business practices is patently absurd considering the widespread media attention Mr. Toufanian has garnered for the very same business practices in dispute. (See ECF 26 at 28:8-12.)

Plaintiff relies on case law where the defendant -- and the defendant alone -- is responsible for creating a public controversy by criticizing plaintiff's business practices. (ECF 26 at 27:17-20.) Here, the controversy existed, and shall continue to

exist, irrespective of Defendants' statements in support of a position contrary to Plaintiff.

Plaintiff's contention that his reputation has been sullied by Mr. Oreffice, and not the widespread media coverage regarding his conduct, is frivolous.

In sum, Plaintiff is a public figure for purposes of this litigation.

**4. Leave to Conduct Discovery is Improper.**

Plaintiff also argues that leave to conduct discovery is mandatory, citing *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 834 (9th Cir. 2018). However, *Planned Parenthood* itself concluded that "the district court correctly applied a Rule 12(b)(6) standard to Defendants' Motion to Strike challenging the legal sufficiency of Plaintiffs' complaint, and the district court did not err in declining to evaluate the factual sufficiency of the complaint at the pleading stage." *Id.* at 835. Subsequent cases in this district have adopted this standard liberally. For example, in *Tensor Law P.C. v. Rubin*, 2019 WL 3249595 (C.D. Cal., Apr. 10, 2019), even though "Defendant submitted supporting declarations and attached exhibits in conjunction with the filing of the anti-SLAPP motion," the Court determined that Defendant's anti-SLAPP motion as challenging the legal sufficiency of Plaintiff's claims and "analyze[d] Defendant's motion under the standards set forth in Rule 12(b)(6)." *Id.* at 4. The Court granted Defendants motion[1] using this framework and Defendants urge the Court to do the same here.

Moreover, the Opposition does not detail in any regard what discovery is needed, only vaguely asserting that discovery is needed to "to further develop evidence to further support his claims." (ECF 26 at 23:7-8.) Defendants do not state any information that Defendants may have in their position that could advance the issues in the present motion. *Global Telemedia Intern., Inc. v. Doe 1* (C.D. Cal. 2001) 132

---

[1] The Court dismissed two of the three causes of action with prejudice, and granting the motion with leave to amend as to the remaining cause of action for tortious interference with prospective economic advantage. *Id.* at 14.

– 3 –

Reply ISO Defendants'  Case No. 2:19-cv-07934-DMG-SS
Motion to Strike Complaint

F.Supp.2d 1261, 127 (Denying request for discovery and reasoning that "Plaintiffs [do not] suggest that further facts are necessary to evaluate whether the postings are indeed fact or opinion" and concluding that "[s]ince both issues are dispositive of Plaintiffs' claims, no further discovery is necessary.").

Rather than advance issues relevant to the Court in determining this Motion, leave to conduct discovery at this stage would only serve to meet Mr. Toufanian's stated objective to "bury" Mr. Oreffice "in legal fees." In this regard, leave to conduct discovery would subvert the purposes of the anti-SLAPP law, namely, to resolve matters expeditiously. Accordingly, Plaintiff's request for leave to conduct discovery should be denied.

**5. Defendants' Attorney's Fees Are Reasonable.**

Plaintiff argues that attorney's fees are not available to a prevailing party in federal court when the motion is framed procedurally as a Rule 12 motion for evidentiary purposes. Plaintiff cites no authority for this proposition because the law does not support Plaintiff's position. The Ninth Circuit has determined that "the fees provision of Cal. Code Civ. P. § 425.16(c) does not conflict with the Federal Rules of Civil Procedure," and that it therefore "applies in federal court." *Laub v. Horbaczewski* (C.D. Cal., July 30, 2019, No. LACV1706210JAKKSX) 2019 WL 3492402, at *12 citing *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.* (9th Cir. 1999) 190 F.3d 963, 972 (finding that anti-SLAPP fees provision "and Rules 8, 12, and 56 can exist side by side ... each controlling its own intended sphere of coverage without conflict."). Plaintiff's argument that Rule 12 calls for a different conclusion is therefore unavailing.

Plaintiff next contends that Defendants' improperly seek fees for work done by staff. However, this is not the case. In *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), the Supreme Court held that a " 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that

of attorneys." *Id*. at 285, 109 S.Ct. 2463; *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1256 (9th Cir. 2006).

Finally, Plaintiff contends Defendants' attorney's fees are excessive. Defendants had to spend ample time obtaining, compiling, and reviewing an overwhelming amount of evidence, including voluminous evidence in the public record regarding Mr. Toufanian's notoriety. These efforts were heightened by the Complaint's assertion that Mr. Toufanian is not a public figure, which required Defendants' counsel to conduct a thorough investigation into the allegations. Moreover, Defendants' counsel had to review a substantial amount of documents evidencing Plaintiff's bad faith litigation threats to Defendants and Mr. Oreffice's family and friends. This is all in addition to the normal work of an anti-SLAPP motion, and fee awards of much higher amounts have been approved by the Court for similar work. See., e.g. *Hyundai Motor America, Inc. v. Yahala Trading Co.* (C.D. Cal., Apr. 1, 2020, No. SACV191413JVSDFMX) 2020 WL 2770196, at *3 (approving $47,014.40 in fees for an anti-SLAPP motion and reply).

In sum, Defendants' counsel seek reasonable attorney's fees.

### III. CONCLUSION.

For the foregoing reasons, Defendants' Motion should be granted, and Defendants should be granted its attorney's fees.

Dated: July 9, 2020

TAULER SMITH LLP

By: */s/Robert Tauler*
Robert Tauler, Esq.
Attorneys for Defendants

– 5 –

# CERTIFICATE OF SERVICE

*Toufanian v. Oreffice, et al*, Case No.: 2:19-cv-07934-DMG-SS

    I hereby certify that on July 9, 2020, copies of **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16** were filed electronically through the Court's CM/ECG system, and served by U.S. mail on all counsel of record unable to accept electronic filing.

TAULER SMITH LLP

By: */s/Robert Tauler*
Robert Tauler, Esq.
Attorneys for Defendants