UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7934-DMG (SSx)** | Date | September 16, 2020 |
|---|---|---|---|

| Title | *Arya Toufanian v. Kyle Oreffice, et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO STRIKE [25]**

On September 12, 2019, Plaintiff Arya Toufanian filed a Complaint against Defendants Kyle Oreffice and Give Back Media, LLC ("GBM") asserting the following causes of action: (1) libel *per se*; (2) libel *per quod*; and (3) violation of California's Unfair Competition Law ("UCL"). [Doc. # 1.] On June 25, 2020, Defendants filed a Motion to Strike ("MTS") Plaintiff's Complaint in its entirety under California's statute restricting Strategic Lawsuits Against Public Participation, California Civil Procedure Code section 425.16 ("anti-SLAPP statute"). [Doc. # 25.] On June 30, 2020, Plaintiff filed his Objections to Defendants' Evidence in Support of MTS. [Doc. # 27.][1] On July 2, 2020, Plaintiff filed his Opposition to the MTS. [Doc. # 26]. On July 9, 2020, Defendants filed a Reply. [Doc. # 28.]

For the reasons set forth below, Defendants' MTS is **DENIED**.

**I.
FACTUAL BACKGROUND**[2]

Plaintiff is a California citizen engaged in the business of providing stock trading information to individual and business customers. Compl. at ¶¶ 1, 10. Defendant Oreffice is a Georgia citizen and sole owner of GBM. *Id.* at ¶ 5. Defendants are "in the business of providing

---

[1] To the extent that Plaintiff objects to Defendants' evidence in their MTS, those objections are overruled as moot because the Court does not rely on the objected-to evidence for the purpose of determining the MTS.

[2] The parties agree that this anti-SLAPP MTS should be evaluated under the standard of Federal Rule of Civil Procedure 12(b)(6). MTS at 8 n.1; Opp. at 17; *see I Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018) (describing the federal procedures applied in anti-SLAPP suits). The Court thus assumes the truth of the Complaint's factual allegations solely for the purpose of deciding Defendants' MTS.

Because it does not rely on any of the documents of which Defendants request judicial notice, the Court **DENIES as moot** Defendants' request. *See* Request for Judicial Notice ("RJN"), Ex. 1–11 [Doc. # 25-10].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7934-DMG (SSx)** | Date | September 16, 2020 |
|---|---|---|---|
| Title | *Arya Toufanian v. Kyle Oreffice, et al.* | Page | 2 of 5 |

information relating to the purchase and sale of equities" via the website they own and operate, www.quantumstocktrading.com (the "Website").³  *Id*. at ¶ 11.  Plaintiff alleges that on or around July 10, 2019, Defendants called Plaintiff a "scammer" and "The Douche of Wall Street" on the Website and social media.  *See id*. at ¶¶ 10–11, 13–14.

Some excerpts of the publication on the Website entitled "The Douche of Wall Street: How Arya Toufanian Scams Innocent Investors" include:

- "The owner of I'm Shmacked, Arya Toufanian, is certainly proficient at taking money from people over the internet through elaborate, hyped-up schemes";
- "Not only did Arya scam his 'students' by charging them thousands to set up a Shopify store (something anyone can do for free in less than 5 minutes), he went astep further by creating a pyramid scheme of scams in which his students (unbeknownst to them) were effectively scamming even more people!"
- "Thinking like a real scammer, Arya decided to enter into the stock advice space with his @aryastocks program (formerly @stocks), in which he uses the influence of his I'm Shmacked account to pedal [sic] his 'exclusive' stock advice.  The story of these scammy trading servers is long and illustrious.  We owe it to the public to expose these elaborate schemes such as this, and have created our program Quantum Stocks with the goal of providing real, time-relevant, valuable trading information to our members. Arya is currently charging brand-new, unsuspecting investors up to $500 (previously up to $1000+) for access to a Discord [online communications] server with virtually zero activity, with promises of stock scanners and helpful admins that are virtually non-existent.  Each package, regardless of price, gets you access to the same chat room… yep, you read that right: the $500 package is IDENTICAL to the $60 option.  Furthermore, he has stolen content from free Discord servers and posted it in his paid Discord.  The real icing on the cake, however, is the fact that he claims these are one-time charges – which numerous, numerous members have verified to be entirely false, proving that Arya is unresponsive to even the most basic of skepticisms."

*Id*. at ¶ 13; *see also* Compl., Ex. A.

---

³ Although the Complaint describes Oreffice as "an owner" of GBM and not the sole owner, GBM's Notice of Interested Parties describes Oreffice as the sole owner.  [Doc. # 20.]  The Court is thus satisfied that GBM is a citizen of Georgia and that it has diversity jurisdiction over this matter.  *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state in which its owners or members are citizens).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-7934-DMG (SSx)** | Date | September 16, 2020 |
| Title | *Arya Toufanian v. Kyle Oreffice, et al.* | Page | 3 of 5 |

## II.
## LEGAL STANDARD

California's anti-SLAPP statute "permits a defendant to pursue early dismissal of meritless lawsuits arising from conduct by the defendant in furtherance of the right of petition or free speech." *Greater L.A. Agency on Deafness, Inc. v. Cable News Network*, 742 F.3d 414, 419 (9th Cir. 2014); Cal. Civ. Proc. Code § 425.16. Resolution of an anti-SLAPP motion calls for a two-step procedure. *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003). First, the defendant must show that the challenged action arises from protected activity—*i.e.*, "the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue[.]'" *See id.* (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). If the court determines that the plaintiff seeks relief "based on allegations arising from activity protected by the statute, the second step is reached." *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016). The second step requires the plaintiff to demonstrate a probability of prevailing on his or her claims. *LaMarche*, 31 Cal. 4th at 733; *Navellier v. Sletten*, 29 Cal. 4th 82, 88–89 (2002) ("[T]he plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.") (internal quotations omitted).

## III.
## DISCUSSION

Defendants argue that their allegedly defamatory and unfair statements meet the first step of the anti-SLAPP inquiry because the statements were made to warn consumers about Plaintiff's fraudulent or deceptive business practices. *See* MTS at 14–17.[4] Under California law, "fraudulent or deceptive business practices constitute a topic of widespread public interest, so long as they are provided in the context of information helpful to consumers." *Makaeff*, 715 F.3d at 263. Here, Defendants' statements warned consumers regarding Plaintiff's "practice of charging up-front fees to his customers for his services, failing to provide any services, and then refusing to pay back any funds when asked for refunds." MTS at 17; *see also* Compl., Ex. A.

---

[4] All page references herein are to page numbers inserted in the header of the document by the CM/ECF filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7934-DMG (SSx)** | Date | September 16, 2020 |
|---|---|---|---|
| Title | *Arya Toufanian v. Kyle Oreffice, et al.* | Page | 4 of 5 |

  Plaintiff argues, however, that the statements fall within the commercial speech exemption to the anti-SLAPP law.  *See Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 26 (2010).  If a plaintiff demonstrates that his claims fall within the commercial speech exemption, the anti-SLAPP analysis ends.  *Demetriades v. Yelp, Inc.*, 228 Cal.App.4th 294, 305 fn.8 (2014).

  The anti-SLAPP statute does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist:

> (1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services.

> (2) The intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer, or the statement or conduct arose out of or within the context of a regulatory approval process, proceeding, or investigation, except where the statement or conduct was made by a telephone corporation in the course of a proceeding before the California Public Utilities Commission and is the subject of a lawsuit brought by a competitor, notwithstanding that the conduct or statement concerns an important public issue.

Cal. Civ. Proc. Code § 425.17.

  Plaintiff asserts that each element is met because (1) Defendants are engaged in selling investment and business advice, (2) Plaintiff is a direct competitor and his causes of action arise from statements Defendants made about Plaintiff's business operations and services, (3) the statements were meant to promote or secure sales of Defendants' products, and (4) the intended audience is an actual customers and buyers of Defendant's and Plaintiff's investment and business advice.  Opp. at 21.

  Defendant does not respond directly to Plaintiff's arguments, instead incorrectly arguing that the anti-SLAPP commercial exemption is aimed at false advertising cases, not defamation cases.  Reply at 2.  The commercial exemption requires case by case analysis of the factors set forth in the Section 425.17(c).  A key inquiry is whether "the cause of action arises from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7934-DMG (SSx)** | Date | September 16, 2020 |
|---|---|---|---|
| Title | *Arya Toufanian v. Kyle Oreffice, et al.* | Page | 5 of 5 |

statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services." *Simpson Strong-Tie Co.*, 49 Cal. 4th at 30; *see also Hawran v. Hixson*, 209 Cal. App. 4th 256, 272 (2012) (finding the relevant issue to be whether the allegedly defamatory portions of the defendant's statements were representations of fact about its services).

Here, there is no doubt that Defendants' allegedly defamatory statements directly criticize Plaintiff's business practices, especially his failure to give stock advice to paying customers on his Discord server. Compl. at ¶ 13. Moreover, sandwiched in between purportedly factual statements about Plaintiff's business practice is Defendants' business pitch for its own services: "We owe it to the public to expose these elaborate schemes such as this, and have created our program Quantum Stocks with the goal of providing real, time-relevant, valuable trading information to our members." *Id.* The rest of the article on the Website contains even more statements indicating competition between Plaintiff and Defendants for the same customers, and that Defendants are using statements about Plaintiff to draw customers. For example, the article states, "For those of you who have been scammed by Arya, we created a guide on how to get your money back, which we offer for free in our Discord server as well, and have helped countless people recover the funds that were stolen from them." Compl., Ex A.

The California legislature intended to exempt "purely commercial" disputes from anti-SLAPP coverage, and Plaintiff has met his burden to show that his defamation and UCL claims against Defendants are brought based on Defendants' commercial speech. *Taheri Law Grp. v. Evans*, 160 Cal. App. 4th 482, 491 (2008). Thus, despite their potential public value to consumers, Defendants' statements are exempted from the anti-SLAPP statute's coverage, and their anti-SLAPP motion fails.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants' anti-SLAPP MTS is **DENIED**. Defendants shall respond to the Complaint according to Federal Rule of Civil Procedure 12 within **21 days** of the date of this Order.

**IT IS SO ORDERED.**