| | |
|---|---|
| 1 | Robert Tauler (SBN 241964) |
| 2 | rtauler@taulersmith.com |
| 3 | Valerie Saryan (SBN 297115) |
|   | vsaryan@taulersmith.com |
| 4 | TAULER SMITH LLP |
| 5 | 626 Wilshire Blvd., Suite 510 |
|   | Los Angeles, California 90017 |
| 6 | Tel. (213) 927-9270 |

*Attorneys for Defendants*
Kyle Oreffice and Give Back Media, LLC

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARYA TOUFANIAN, an individual, | Case No. 2:19-cv-07934-DMG-SS |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)** |
| v. | |
| KYLE OREFFICE, an individual, GIVE BACK MEDIA, LLC, a Georgia limited liability company; and DOES 1-10, | |
| Defendants. | Date:       December 4, 2020<br>Time:      9:30 a.m.<br>Courtroom: 8C<br><br>Hon. Dolly M. Gee |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 1

I. STATEMENT OF FACTS ...................................................................................... 1

   A. Procedural History ............................................................................................ 1

   B. Mr. Toufanian's History ................................................................................... 1

   C. Defendants' Blog Post ...................................................................................... 2

II. LEGAL STANDARD ............................................................................................. 3

III. ARGUMENT ......................................................................................................... 4

   A. Plaintiff Fails to Plead the Heightened Standard of Proof That Requires A Showing of Malice When Plaintiff Is A Public Figure ........................................ 4

      1. The FAC Fails to Allege Plaintiff's Public Figure Status ............................... 4

      2. Plaintiff's Allegations of Being a Private Citizen Are Directly Contradicted by Facts Subject to Judicial Notice ................................................ 6

      3. Plaintiff's Conclusory Statements Do Not Satisfy Heightened Pleading Standard of Actual Malice ...................................................................... 7

   B. Defendants' Statements Are Not Defamatory Because They Are Nonactionable Statements of Opinion and Not Made With Knowledge of Falsity ........................................................................................................................ 9

   C. Plaintiff Fails to Allege a Claim for Libel for Alleged Statements Made to Instagram ............................................................................................................... 13

   D. The FAC Fails to Plead A Claim For Violations of Cal. Bus. & Prof Code. § 17200, *et seq.* ..................................................................................................... 14

IV. CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

Cases

*Abramson v. Brownstein,* 897 F.2d 389 (9th Cir.1990). .................................................3

*Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 27 Cal. Rptr. 3d 863 (2005)..............5

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................3

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir.1988)...................................3

*Barger v. Playboy Enterprises, Inc.,* 564 F.Supp. 1151 (N.D.Cal.1983) *aff'd,* 732 F.2d 163 (9th Cir.1984)..................................................................................8

*Bartholomew v. YouTube, LLC,* 17 Cal. App. 5th 1217, 225 Cal. Rptr. 3d 917, 926 (2017)..................................................................................9

*Beckley Newspapers Corp. v. Hanks*, 389 U.S. 81, 88 S. Ct. 197, 19 L. Ed. 2d 248 (1967)...................................................................................6

*Campanelli v. Regents of the Univ.*, 44 Cal. App. 4th 572 (1996) ...............................9

*Cepeda v. Cowles Magazines and Broadcasting, Inc.* (9th Cir. 1968) 392 F.2d 417, cert. denied 393 U.S. 840, 89 S.Ct. 117, 21 L.Ed.2d 110 ..................................4

*Christian Research Inst. v. Alnor*, 148 Cal. App. 4th 71, 55 Cal. Rptr. 3d 600 (2007) ..................................................................................5

*ComputerXpress, Inc. v. Jackson* (App. 4 Dist. 2001) 113 Cal.Rptr. 2d 625, 93 Cal. App.4th 993 ..................................................................................12

*Dumas v. Kipp,* 90 F.3d 386 (9th Cir.1996) ................................................................4

*Gardner v. Martino,* 563 F.3d 981 (9th Cir.2009)......................................................10

*Glob. Telemedia Int'l, Inc. v. Doe 1*, 132 F. Supp. 2d 1261 (C.D. Cal. 2001).............11

*Harkonen v. Fleming,* 880 F. Supp. 2d 1071 (N.D. Cal. 2012) ...............................5, 6

*Khawar v. Globe Int'l, Inc.*, 19 Cal. 4th 254, 79 Cal. Rptr. 2d 178, 965 P.2d 696 (1998) ...................................................................................4

*Knievel v. ESPN,* 393 F.3d 1068 (9th Cir.2005).........................................................10

*Lucas v. Dep't of Corr.,* 66 F.3d 245 (9th Cir.1995) ...................................................4

*Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46 Cal.App. 5th 869...................9

*New York Times Co. v. Sullivan*, 376 S.Ct. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) .............................................................................4, 5, 6

*Nicosia v. De Rooy,* 72 F.Supp.2d 1093 (N.D.Cal.1999) ............................................8

*Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 61 Cal. Rptr. 3d 29 (2007) ................................................................................................ 5

*Partington v. Bugliosi,* 56 F.3d 1147 (9th Cir.1995) ................................................ 10

*Robertson v. Dean Witter Reynolds, Inc.* 749 F.2d 530 (9th Cir.1984) ...................... 3

*Rodriguez v. Panayiotou*, 314 F.3d 979 (9th Cir. 2002) ............................................ 9

*Rosenberg v. J.C. Penney Co.* (1939) 30 Cal.App.2d 609 ......................................... 9

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303 (N.D. Cal. 1997) ........................................................................................................................ 4

*Snider v. Nat'l Audubon Soc'y, Inc.*, No. CV-F-91-665 REC, 1992 U.S. Dist. LEXIS 10017 (E.D. Cal. Apr. 14, 1992) ................................................................ 7

*Sprewell v. Golden State Warriors,* 266 F.3d 979 (9th Cir.2001) *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir.2001) ................................................... 6

*Twombly*, 550 U.S. at 555 .......................................................................................... 3

*Western Mining Council v. Watt,* 643 F.2d 618 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981) .................................................. 3

*Wong v. Jing* (2010) 189 Cal.App.4th 1354, 117 Cal.Rptr.3d 747 ..................... 9, 10

*Wynn v. Chanos,* 75 F. Supp. 3d 1228 (N.D. Cal. 2014) ....................................... 6, 8

*Z.F. ex rel M.A.F. v. Ripon Unified Sch. Dist. (RUSD),* No. 2:10–CV–00523, 2011 WL 356072 (E.D.Cal. Feb. 2, 2011) *aff'd sub nom. Z.F. v. Ripon Unified Sch. Dist.,* 482 Fed.Appx. 239 (9th Cir.2012) ........................................................ 8

Statutes

Cal. Civ. Code § 45 .................................................................................................... 9

Rules

California Code of Civil Procedure § 425.16 ............................................................ 1

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1

– iii –

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Kyle Oreffice and Give Back Media, LLC bring this motion to dismiss Plaintiff Arya Toufanian's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

## I. STATEMENT OF FACTS.

### A. Procedural History.

On September 12, 2019, plaintiff Arya Toufanian ("Plaintiff") filed a Complaint against Defendants Kyle Oreffice and Give Back Media, LLC (collectively "Defendants") asserting three causes of action for (1) libel *per se*; (2) libel *per quod*; and (3) violation of California's Unfair Competition Law ("UCL"). On September 16, 2020, the Court denied Defendants' special motion to strike Plaintiff's Complaint pursuant to California Code of Civil Procedure § 425.16, and ordered Defendants to "…respond to the Complaint according to Federal Rule of Civil Procedure 12…" (ECF 30 at 5.) The parties met and conferred regarding the deficiencies in original pleading, raised herein, on September 29, 2020 pursuant to Local Rule 7.3. On October 15, 2020, Plaintiff filed a First Amended Complaint ("FAC") curing only some of the deficiencies discussed at the meet and confer. (ECF 33.)

### B. Mr. Toufanian's History.

Mr. Toufanian first gained national attention as a college student for his first business venture *I'm Shmacked*, which was, and is "hugely popular among high school and college students" according to Business Insider. (RJN ¶ 5, Ex. 5.) *I'm Shmacked's* business involved hosting and filming of raucous college parties with "over the top antics." *Id.* Mr. Toufanian gained public fame as the face of *I'm Shmacked*, posting YouTube videos (garnering over 25 million views) and developing a large following on social media. *Id.*

Widespread media coverage of *I'm Shmacked* began with *The New York Times* in 2012, and *Business Insider* likewise published a feature in 2014. (RJN ¶¶ 5, 8; Exs. 5, 8.) As the face of the *I'm Shmacked* brand, Mr. Toufanian himself gained publicity for

his provocative behavior and antics on social media, landing him articles published in *Huffington Post*, amongst others. (RJN ¶ 6; Ex. 6.)

Mr. Toufanian used his fame and notoriety from his *I'm Shmacked* to start new business ventures such as Sensa Stocks and AryaStocks, offering stock trading services to consumers. Much like *I'm Shmacked*, Sensa Stocks and Arya Stocks (the "Subject Companies") garnered numerous complaints from customers who stated publicly that they felt defrauded by Mr. Toufanian. Websites and social media accounts in turn published articles about Mr. Toufanian and the Subject Companies. Numerous victims warned the public about Mr. Toufanian's business practices, leading to Instagram, a popular social media platform, to shut down Mr. Toufanian's accounts.

Mr. Toufanian gained even more notoriety after numerous websites and social media accounts also published pieces exposing Mr. Toufanian in more depth. Mr. Toufanian's business practices reached a tipping point on November 19, 2019 when *The New York Times* published an exposé on Mr. Toufanian exposing the Subject Companies and his unscrupulous practices, namely to "threaten with lawsuits and intimidate into silence." (RJN ¶ 7, Ex. 7.)

The New York Times article was written as an expose on Mr. Toufanian's business scam called *I'm Shmacked*. The article includes quotes and interviews of numerous individuals who were personally affected by Mr. Toufanian's scam. Defendant Mr. Oreffice was mentioned only at the end of the article. The article was not about Mr. Toufanian's stock trading services or Subject Companies.

### C. Defendants' Blog Post.

Defendant Kyle Oreffice is just one of the many individuals to speak out online against Mr. Toufanian and his business practices in an effort to warn the public. At issue here is Mr. Oreffice's publication of one blog post on his company's website,

– 2 –

quantumstocktrading.com, entitled "The Douche of Wall Street: How Arya Toufanian Scams Innocent Investors." (the "Blog Post")(Attached as Exhibit 1 to the FAC.)[1]

The Blog Post describes how Plaintiff was engaged in a "scam" with a company called *AryaStocks*, including details about the pricing packages, the contents of *AryaStocks* and why the company is engaged in fraudulent activity. The Blog Post references guidance from the Securities and Exchange Commission, and asserts that the contents were published "to protect the honest, hard-working investors who have decided to build a brighter future for themselves through financial education."

Defendants' Blog Post was published to spread awareness of overpriced equity trading schemes, and to warn consumers of Mr. Toufanian's business practices. (See Ex. 1 to FAC.)

## II. LEGAL STANDARD.

For purposes of evaluating a motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir.1990). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987). Further, the court need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988); *Robertson v. Dean Witter Reynolds,*

---

[1] Hyperlinks to the Blog Post were also posted to Quantum Stock Trading's Facebook and Instagram accounts.

– 3 –

*Inc.* 749 F.2d 530, 533–34 (9th Cir.1984); *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1307 (N.D. Cal. 1997). Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996).

### III. ARGUMENT.

#### A. Plaintiff Fails to Plead the Heightened Standard of Proof That Requires A Showing of Actual Malice When Plaintiff Is A Public Figure.

<u>1. The FAC Fails to Allege Plaintiff's Public Figure Status.</u>

Claims for libel require different standards of proof depending on whether the plaintiff is a public figure or a private citizen. Plaintiff's FAC does not allege that Mr. Toufanian is a public figure, or a limited public figure, but rather alleges he is a private citizen. "[W]hether a plaintiff in a defamation action is a public figure is a question of law for the trial court." *Khawar v. Globe Int'l, Inc.*, 19 Cal. 4th 254, 264, 79 Cal. Rptr. 2d 178, 965 P.2d 696 (1998).

"Public figures," within the contemplation of the rule in *New York Times Co. v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), are "those persons who…are 'involved in issues in which the public has a justified and important interest'" and "include artists, athletes, business people, dilettantes, anyone who is famous or infamous because of who he is or what he has done." *Cepeda v. Cowles Magazines and Broadcasting, Inc.* (9th Cir. 1968) 392 F.2d 417, 419, *cert. denied* 393 U.S. 840, 89 S.Ct. 117, 21 L.Ed.2d 110. Those who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention, are properly classed as public figures may recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 342,

– 4 –

94 S. Ct. 2997, 3008, 41 L. Ed. 2d 789 (1974). A public figure plaintiff must show that the defendant acted with "actual malice"—that is, "knowledge that [a statement] was false" or "reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

"The limited purpose public figure is an individual who voluntarily injects him or herself or is drawn into a specific public controversy, thereby becoming a public figure on a limited range of issues." *Harkonen v. Fleming,* 880 F. Supp. 2d 1071, 1080 (N.D. Cal. 2012)(citing *Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1577, 27 Cal. Rptr. 3d 863 (2005). *Ampex* sets forth the three part test for determining whether an individual is a limited purpose public figure: "First, there must be a public controversy, which means the issue was debated publicly and had foreseeable and substantial ramifications for nonparticipants. Second, the plaintiff must have undertaken some voluntary act through which he or she sought to influence resolution of the public issue. In this regard it is sufficient that the plaintiff attempts to thrust him or herself into the public eye. And finally, the alleged defamation must be germane to the plaintiff's participation in the controversy."

"If plaintiff is found to be a limited purpose public figure, plaintiff "must establish a probability that he or she can produce clear and convincing evidence that allegedly defamatory statements were made with knowledge of their falsity or with reckless disregard of their truth or falsity." *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 700, 61 Cal. Rptr. 3d 29 (2007) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L. Ed.2d 686 (1964)); *Harkonen v. Fleming,* 880 F. Supp. 2d 1071, 1078-79 (N.D. Cal. 2012). "[A] court may consider a defendant's anger or hostility toward a plaintiff in determining the presence of malice only to the extent it impacts the defendant's *actual belief* concerning the truthfulness of the publication. The focus is thus on the defendant's attitude toward the truth or falsity of the material published . . . [not] the defendant's attitude toward the plaintiff." *Christian Research Inst. v. Alnor*, 148 Cal. App. 4th 71, 92, 55 Cal. Rptr. 3d

– 5 –

600 (2007) (internal quotation marks omitted) (emphasis in original); *Harkonen v. Fleming,* 880 F. Supp. 2d 1071, 1081 (N.D. Cal. 2012).

Here, Plaintiff is a public figure, or at minimum, a limited public figure, and as such, he must meet a heightened standard of proof for libel. Under this heightened standard, Plaintiff is required to show that Defendants made their statements with actual malice. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 342, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Here, Plaintiff cannot prove, under either standard, that Defendants acted with actual malice - that is, with knowledge of the statements' falsity or with reckless disregard of their truth or falsity. *See New York Times Co. v. Sullivan*, 376 U.S. at 287; *see also Beckley Newspapers Corp. v. Hanks*, 389 U.S. 81, 84, 88 S. Ct. 197, 19 L. Ed. 2d 248 (1967). Not only did Plaintiff fail to plead the heightened standard for a public figure or limited public figure in its FAC, Plaintiff falsely asserted, despite the mountain of evidence available, that Plaintiff was *not* a public figure, presumably to avoid the difficulty of pleading actual malice. However, by virtue of his public notoriety, Mr. Toufanian is a public figure, or at minimum, a limited public figure, for purposes of this litigation.

### 2. Plaintiff's Allegations of Being a Private Citizen Are Directly Contradicted by Facts Subject to Judicial Notice.

The FAC alleges that Mr. Toufanian is a "private citizen." (FAC ¶ 27.) Mr. Toufanian's private citizen status is directly contradicted by facts subject to judicial notice, and thus, the Court need not accept them as true in reviewing this 12(b)(6) motion. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir.2001)(In reviewing 12(b)(6) motion "[t]he court need not ... accept as true allegations that contradict matters properly subject to judicial notice"); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1239 (N.D. Cal. 2014).

Mr. Toufanian gained public fame as the face of his company, *I'm Shmacked*, leading to coverage in national publications and a large following on social media.

– 6 –

(RJN ¶¶ 5-7; Exs. 5-7.) In this regard, Mr. Toufanian promotes himself on social media platforms as "an American internet celebrity and entrepreneur" who is known by name amongst college students, often featured as a celebrity on websites like trendcelebsnow.com and famousbirthdays.com. (RJN ¶¶ 1-4; Exs. 1-4.)

Plaintiff's substantial social media footprint, including without limitation, 1.5 million followers on his verified @imshmacked Instagram account, 250,000 followers on his @imshmacked Twitter account, 79,000 followers on his verified @AryaToufanian Instagram account, 6,000 followers on his @aryatoufanian Twitter account, and 9,870 followers on his @sensastocks Instagram account, amongst others. (RJN ¶ 9, Ex. 9.)

Mr. Toufanian has leveraged his fame and notoriety to generate a following for the Subject Companies, which led to widespread coverage in the national media, culminating in the 2019 *New York Times* exposé on Mr. Toufanian, which went even further in its reporting than Defendants, interviewing victims of Plaintiff's "scams." (RJN ¶ 7; Ex. 7.) Other national publications like *Huffington Post* published articles exposing Mr. Toufanian as a renowned scammer and litigation threatener. (RJN ¶ 6; Ex. 6.)

### 3. Plaintiff's Conclusory Statements Do Not Satisfy Heightened Pleading Standard of Actual Malice.

Plaintiff does not adequately plead malice as required by *New York Times Co. v. Sullivan,* 376 U.S. 254 (1964). Malice is established if the communication was published "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 279-280. Malice exists only if the defendant knowingly falsifies or 'in fact entertained serious doubts as to the truth of his publication.' *Snider v. Nat'l Audubon Soc'y, Inc.*, No. CV-F-91-665 REC, 1992 U.S. Dist. LEXIS 10017, at *16 (E.D. Cal. Apr. 14, 1992).

Courts have found that general allegations that a defendant should have known or should have investigated the truth of his or her statements do not adequately plead

– 7 –

actual malice. *See Nicosia v. De Rooy,* 72 F.Supp.2d 1093, 1109 (N.D.Cal.1999) ("conclusory statements that [a defamation defendant] should have known the truth does not satisfy the heightened pleading standard" of actual malice); *Wynn v. Chanos,* 75 F. Supp. 3d 1228, 1239 (N.D. Cal. 2014); *Barger v. Playboy Enterprises, Inc.,* 564 F.Supp. 1151, 1156 (N.D.Cal.1983) *aff'd,* 732 F.2d 163 (9th Cir.1984). Here, Plaintiff pleads conclusory allegations that Defendants made the statements "knowingly and intentionally, with malice, and without any evidence to support them, or recklessly without first conducting a reasonable and sufficient investigation into whether their publications were true or false at the time Defendants made them." (FAC ¶ 34.) Plaintiff fails to allege any facts whatsoever that Defendants had knowledge of the falsity of their statements. Nor does Plaintiff allege facts that show Defendants published the statements with reckless disregard for the truth. Since Plaintiff's allegations are conclusory, the FAC does not satisfy the heightened pleading standard for actual malice.

Further, Plaintiff does not plead any specific allegations that would support a finding that Defendants harbored serious subjective doubts as to the validity of his assertions because, like in *Wynn*, the FAC's allegation that Defendants "published [the statements] with reckless disregard for the truth," is conclusory, as it merely recites an element of slander and does not present any potential supporting facts. *Wynn v. Chanos,* 75 F. Supp. 3d 1228, 1239 (N.D. Cal. 2014)(Motion to dismiss granted where complaint does not sufficiently allege defamation or malice). This is insufficient to satisfy the "demanding burden" for pleading actual malice in defamation actions. *Id; Z.F. ex rel M.A.F. v. Ripon Unified Sch. Dist. (RUSD),* No. 2:10–CV–00523, 2011 WL 356072, at *10 (E.D.Cal. Feb. 2, 2011) *aff'd sub nom. Z.F. v. Ripon Unified Sch. Dist.,* 482 Fed.Appx. 239 (9th Cir.2012).

Plaintiff pleads conclusory allegations that Defendants' statements in the Blog Post and on Instagram were "knowingly and intentionally, with malice." (FAC ¶ 34.) Plaintiff also make conclusory allegations such as alleging that Defendants' statements "charge Plaintiff with committing a crime," (FAC ¶ 33) however, Plaintiff does not

– 8 –

identify what crime he was alleged to have committed and does not identify the statement where Plaintiff is alleged to have committed a crime.

In sum, Plaintiff fails to plead Mr. Toufanian is a public figure, or limited public figure, and failed to plead the heightened standard of actual malice that is required for his libel claims.

**B. Defendants' Statements Are Not Defamatory Because They Are Nonactionable Statements of Opinion and Not Made With Knowledge of Falsity.**

Libel per se is based in common law defamation, and thus relates to the standing and reputation of the businessman as distinct from the quality of his or her goods. Cf. *Rosenberg v. J.C. Penney Co.* (1939) 30 Cal.App.2d 609, 619–622. The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. *Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46 Cal.App. 5th 869, 884. "Libel is a <u>false</u> and unprivileged publication by writing, printing … which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.' " Cal. Civ. C. § 45; *Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1369, 117 Cal.Rptr.3d 747. An essential element of libel is a false statement of fact about plaintiff. *Bartholomew v. YouTube, LLC,* 17 Cal. App. 5th 1217, 1230, 225 Cal. Rptr. 3d 917, 926 (2017).

"Because [a defamatory] statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability. *Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46 Cal.App.5th 869, 884. The issue of whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court to decide. *Rodriguez v. Panayiotou*, 314 F.3d 979, 985 (9th Cir. 2002); *Campanelli v. Regents of the Univ.*, 44 Cal. App. 4th 572, (1996). The Ninth Circuit employs a three-part test in determining whether alleged defamatory statements are opinions or assertions of fact: "(1) whether the general tenor of the entire work negates the impression that the defendant [is]

– 9 –

asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." *Partington v. Bugliosi,* 56 F.3d 1147, 1153–60 (9th Cir.1995); *see also Gardner v. Martino,* 563 F.3d 981, 987 (9th Cir.2009)(citing *Knievel v. ESPN,* 393 F.3d 1068, 1075 (9th Cir.2005)("noting the three parts for the 'totality of the circumstances' test as (1) the broad context; (2) the specific context and the content of the statement; and (3) whether the statement is sufficiently factual to be susceptible of being proved true or false."))

Plaintiff fails to plead specific allegations that would support a finding that Defendants' statements in the Blog Post were actually false, as required for a libel *per se* claim. *See Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1369. In his FAC, Plaintiff identifies the following statements published in Defendants' Blog Post as allegedly defamatory:

a. "The owner of I'm Shmacked, Arya Toufanian, is certainly proficient at taking money from people over the internet through elaborate, hyped-up schemes." (FAC ¶ 13.)

b. "Furthermore, he [Plaintiff] has stolen content from free Discord servers and posted it in his paid Discord. The real icing on the cake, however, is the fact that he claims these are onetime charges – which numerous, numerous members have verified to be entirely false" *Id*.

c. "Not only did Arya scam his 'students' by charging them thousands to set up a Shopify store (something anyone can do for free in less than 5 minutes), he went a step further by creating a pyramid scheme of scams in which his students (unbeknownst to them) were effectively scamming even more people!" *Id*.

d. "Thinking like a real scammer, Arya decided to enter into the stock advice space with his @aryastocks program (formerly @stocks), in which he uses the influence of his I'm Shmacked account to pedal [sic] his 'exclusive' stock advice. The story of these scammy trading servers is long and illustrious. We owe it to the public to expose these elaborate schemes such as this, and have created our program Quantum Stocks with the goal of providing real, time-relevant, valuable trading

– 10 –

information to our members. Arya is currently charging brand-new, unsuspecting investors up to $500 (previously up to $1000+) for access to a Discord server with virtually zero activity, with promises of stock scanners and helpful admins that are virtually non-existent. Each package, regardless of price, gets you access to the same chat room… yep, you read that right: the $500 package is IDENTICAL to the $60 option. Furthermore, he has stolen content from free Discord servers and posted it in his paid Discord. The real icing on the cake, however, is the fact that he claims these are one-time charges – which numerous, numerous members have verified to be entirely false, proving that Arya is unresponsive to even the most basic of skepticisms." *Id*.

Defendants' alleged defamatory statements identified in the FAC are statements of pure opinion, and were not made with knowledge of falsity. First, Defendants' statement that Mr. Toufanian is "proficient at taking money from people over the internet" is a statement of opinion that Plaintiff is skilled at generating customers for his various online businesses, including *I'm Shmacked*. Thus, Plaintiff fails to allege sufficient facts that this statement is libel. Further, Plaintiff does not allege that Defendants made this statement with knowledge of its falsity.

Second, Defendants' statement regarding *I'm Shmacked* that Plaintiff: "…went a step further by creating a pyramid scheme of scams in which his students (unbeknownst to them) were effectively scamming even more people!" is also an opinion (not a fact) because the "general tone and context of these messages strongly suggest that they are the opinions of the posters." *Glob. Telemedia Int'l, Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1267 (C.D. Cal. 2001) (Internet postings are opinion where statements are full of hyperbole, invective, short-hand phrases and language is not formal or polished as typically found in fact-based documents, such as corporate press releases or SEC filings.). The language is not formal or polished, given the use of the exclamation point. Thus, Plaintiff fails to plead sufficient facts that this statement is libel. Additionally, Plaintiff does not sufficiently allege that Defendants made this statement with knowledge of its falsity. Defendants made this statement of opinion after reviewing Plaintiff's business structure and determined that it was a pyramid scheme. This is

– 11 –

based on his findings that Plaintiff's students were scamming more people. Based on these findings, Defendants came to the opinion that the business was structured as a pyramid scheme. Thus, Plaintiff fails to allege knowledge of falsity.

Third, Defendants' statements that Plaintiff overcharges his clients for services that are offered elsewhere for free are statements of opinion, not fact. *See ComputerXpress, Inc. v. Jackson* (App. 4 Dist. 2001) 113 Cal.Rptr. 2d 625, 93 Cal. App.4th 993 (Anti-SLAPP motion granted where plaintiff fails to show probability of prevailing on libel claim arising from Internet postings where tone and content of most postings identified them as statements of opinion rather than fact, postings were hyperbolic and informal, they were replete with explicit statements of opinion, some were too vague to be taken as fact, and there was no evidence that any statements of fact were false.) This statement, furthermore, is insufficiently pled to be made with knowledge of its falsity. Defendants' Blog Post states that Plaintiff charges $500 for its services that are offered elsewhere for free. Further, Defendants' Blog Post states that Plaintiff provides access to customers to the same chat room if they pay $500 or $60. Plaintiff had no reason to know that these statements were false at the time of publication because this information can only be known if Defendants conducted an investigation of Plaintiff's services prior to making this statement. Thus, Defendants made this statement with knowledge of its truth at the time of publication.

Fourth, Defendants' statements that are critical of Plaintiff's business practices are statements of opinion. Courts in California have held that internet statements that assert Plaintiff's company is a "scam" are not defamatory. *See ComputerXpress, Inc. v. Jackson* (App. 4 Dist. 2001) 113 Cal.Rptr. 2d 625, 93 Cal. App.4th 993 (Internet statements calling plaintiff's company a "scam" were nondefamatory.) This statement is insufficiently pled as made with knowledge of falsity. Based on Defendants entire Blog Post, Defendants came to the opinion that, based on all of his investigatory findings, Plaintiff's company appears to be a scam. If this opinion is based on all of their findings after investigating Plaintiff's business, then it was not made with knowledge of falsity.

Similarly, criticisms that the Subject Companies do not use original content and statements that different packages all give access to the same Discord server are not defamatory, as they only opine on the quality of content of the Subject Companies' services. Further, Plaintiff fails to plead facts that this statement was made with knowledge of falsity. Defendants state that Plaintiff does not use original content because, based on his findings, Defendants determined that other Discord servers provide the same content. As such, this statement was not made with falsity. Further, the statement that all of Plaintiff's packages give access to the same Discord server is not made with falsity because Defendants make this statement after he saw himself that all packages gave access to the same Discord server. Defendants also came to this opinion after customers of Plaintiff disclosed this information. As such, this statement could not have been made with falsity.

As such, Plaintiff's FAC fails to sufficiently allege facts to support his claims for libel.

**C.     Plaintiff Fails to Allege A Claim for Libel for Alleged Statements Made to Instagram.**

The FAC pleads that Defendants also made alleged statements to Instagram in the form of "reporting" an Instagram business account called @Imshmacked, which is a business owned by Mr. Toufanian that does not compete with Defendants. Plaintiff fails to identify an actual false statement that was published to Instagram. Instead, Plaintiff pleads conclusory (and contradictory) facts that state that defamatory statements were published to Instagram, but no such statements are identified.

Plaintiff alleges that Defendants own the Instagram handle @MalibuDogHotels which reported Mr. Toufanian's unrelated, noncompetitor business account *I'm Shmacked* for bullying and harassment activity. Plaintiff does not allege that Defendants actually published a false and defamatory statement. Further, Plaintiff alleges that there was no injury because it pleads that Instagram did not "go against

– 13 –

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss

Case No. 2:19-cv-07934-DMG-SS

Instagram's Community Guidelines" so Plaintiff fails to allege a claim for libel concerning these alleged Instagram "statements" (FAC ¶ 20.)

**D. The FAC Fails to Plead A Claim For Violations of Cal. Bus. & Prof. Code § 17200,** *et seq.*

Plaintiff's third claim alleges violations of California Bus. & Prof. Code § 17200, *et. seq.* Not only does the FAC contain contradictory allegations of facts, the allegations concern Mr. Toufanian's business, *I'm Shmacked*, which is not a party to this case, and thus cannot bring a claim for UCL against Defendants. *Noral v. Hearst Publ'ns, Inc.,* 40 Cal. App. 2d 348, 352, 104 P.2d 860, 863 (1940) ("defamatory words must refer to some ascertained or ascertainable person, and that that person must be the particular plaintiff.")

The UCL claim alleges that Instagram took down a business account, *I'm Shmacked*, based on the New York Times expose on *I'm Shmacked* scam that Mr. Toufanian ran (which is unrelated to the stock services business at issue in the FAC). Defendants did not write or publish the New York Times expose, nor do Defendants have any control over Instagram's policies and procedures of taking down accounts.

Accordingly, Plaintiff's claim for UCL should be dismissed based on the foregoing.

**IV.   CONCLUSION.**

Based on the foregoing, Defendants respectfully request the Court dismiss Plaintiff's First Amended Complaint.

Dated: October 29, 2020    TAULER SMITH LLP

By: */s/Robert Tauler*
Robert Tauler, Esq.
Attorneys for Defendants

– 14 –

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss    Case No. 2:19-cv-07934-DMG-SS

# CERTIFICATE OF SERVICE

*Toufanian v. Oreffice, et al*, Case No.: 2:19-cv-07934-DMG-SS

I hereby certify that on October 29, 2020, copies of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)** were filed electronically through the Court's CM/ECF system, and served by U.S. mail on all counsel of record unable to accept electronic filing.

TAULER SMITH LLP

By: */s/Robert Tauler*
Robert Tauler, Esq.
Attorneys for Defendants