Lee M. Weinberg (Cal. SBN 131567)
*lee@weinberg-gonser.com*
Shanen R. Prout, of counsel (Cal. SBN 236137)
*shanen@weinberg-gonser.com*
Bryan B. Bitzer (Cal. SBN 324301)
*bryan@weinberg-gonser.com*
WEINBERG GONSER LLP
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Phone: (424) 239-2850

Attorneys for Plaintiff
ARYA TOUFANIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| ARYA TOUFANIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KYLE OREFFICE, an individual; GIVE BACK MEDIA, LLC, a Georgia limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.: 2:19-cv-07934-DMG-SS<br><br>Assigned to the Hon. Dolly M. Gee<br>Courtroom 8C<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>[Filed concurrently with Declaration of Shanen Prout]<br><br>Date: December 4, 2020<br>Time: 9:30 a.m.<br>Courtroom: 8C<br><br>Case filed: September 12, 2019<br>Trial: none set |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

*Page*

I. INTRODUCTION...................................................................................1

II. PROCEDURAL POSTURE ...................................................................1

III. DEFENDANT FAILED TO MEET AND CONFER REGARDING THEIR CURRENT MOTION TO DISMISS ..................................................1

IV. STANDARDS ON 12(b)(6) MOTIONS......................................................2

V. THE MOTION'S ISSUES WITH THE FIRST AMENDED COMPLAINT AND PLAINTIFF'S RESPONSES THERETO....................3

    A. Plaintiff alleges he is a private figure and Defendants cannot litigate this question on a motion to dismiss..........................................3

    B. Defendants' proffered documents are not subject to judicial notice....6

    C. The FAC properly pleads malice on Plaintiff's defamation claims......7

    D. Plaintiff alleges defamatory statements of fact about Plaintiff............9

        i. Defendants' publications are defamatory because they have a natural tendency to injure Plaintiff ........................................10

        ii. Plaintiff alleges that Defendants knew their statements were false when they made them or acted recklessly in making the statements.............................................................11

    E. The FAC also properly pleads a claim under Cal. Bus. & Prof. Code § 17200, et. seq. ......................................................................11

VI. IF THE COURT IS INCLINED TO GRANT THE MOTION IN ANY RESPECT, PLAINTIFF REQUESTS LEAVE TO FURTHER AMEND ...12

VII. CONCLUSION ....................................................................................12

# TABLE OF AUTHORITIES

*Page*

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009) ................................................................................3

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ................................................................................3

*Gertz v. Robert Welch, Inc.,*
    418 U.S. 323, 345 (1974) ................................................................................4

*Haavistola v. Community Fire Co.,*
    6 F.3d 211, 218 (4th Cir. 1993) ......................................................................6

*In Hutchinson v. Proxmire,*
    443 U.S. 111, 135 (1979) ................................................................................5

*In Wolston v. Reader's Digest Ass'n,*
    443 U.S. 157, 166 (1979) ................................................................................4

*Lee v. City of Los Angeles,*
    250 F.3d 668, 689 (9th Cir. 2001) ..................................................................6

*Lussier v. Runyon,*
    50 F.3d 1103, 1113-1114 (1st Cir. 1995) .......................................................6

*Nat'l Council of La Raza v. Cegavske,*
    800 F.3d 1032, 1041 (9th Cir. 2015) ............................................................12

*Moss v. United States. Secret Serv.,*
    572 F.3d 962, 969 (9th Cir. 2009) ..................................................................3

*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.,*
    768 F.3d 938, 945 (9th Cir. 2014) ..................................................................2

*United States ex rel. Lee v. Corinthian Colleges,*
    655 F.3d 984, 995 (9th Cir. 2011) ................................................................12

*United States v. Seng Tan,*
  674 F.3d 103, 104–105 (1st Cir. 2012) ........................................................ 10

*Victaulic Co. v. Tieman,*
  499 F.3d 227, 236 (3rd Cir. 2007) ................................................................ 7

**STATE CASES**

*Ampex Corp. v. Cargle,*
  128 Cal.App.4th 1569, 1577 (2005) ............................................................. 4

*Bikkina v. Mahadevan ,*
  241 Cal.App.4th 70, 91 (2015) ..................................................................... 9

*Brown v. Kelly Broadcasting Co.*,
  135 Cal. App. 4th 328 (2005) ............................................................. 3, 4, 5

*Carver v. Bonds*
  48 Cal.3d 711, 747 (1989) ............................................................................ 5

*De Mott v. Amalgamated Meat Cutters & Butcher Workmen,*
  157 Cal.App.2d 13, 26 (1958) ...................................................................... 8

*King v. United Parcel Service, Inc.,*
  152 Cal.App.4th 426, 440 (2007) ................................................................. 8

*Lundquist v. Reusser,*
  7 Cal.4th 1193, 1213 (1994) ........................................................................ 9

*Mamou v. Trendwest Resorts, Inc.,*
  165 Cal.App.4th 686, 729 (2008) ................................................................. 8

*Medical Marijuana, Inc. v. ProjectCBD.com,*
  46 Cal.App.5th 869, 896 (2020) ................................................................. 11

*Vegod Corp. v. American Broadcasting Cos.*,
  25 Cal.3d 763 (1979) .................................................................................... 5

**FEDERAL STATUTES**

18 U.S.C. § 371 ................................................................................................... 10

18 U.S.C. § 1341 ................................................................................................. 10

18 U.S.C. § 1957 ................................................................................................. 10

**STATE STATUTES**

ARS 44-1731, et seq. ........................................................................................... 11

Cal. Bus. & Prof. Code § 17200 .......................................................................... 11

Pennsylvania's Unfair Trade Practices and Consumer Protection Law
    73 P.S. § 201-1 et seq. ............................................................................ 10, 11

**FEDERAL RULES**

Federal Rule of Civil Procedure 8(a) ..................................................................... 2

Federal Rule of Evidence 201 ............................................................................ 6, 7

**SECONDARY SOURCES**

Tribe, American Constitutional Law (2d ed.1988) ................................................ 5

5 Witkin, Summary 11th Torts, § 709 (2020) ........................................................ 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court should deny Defendants' motion to dismiss in its entirety. Plaintiff has alleged sufficient facts to state his claims. Defendants are plainly asking the Court to attempt to litigate an early, and under-developed, motion for summary judgment. It is long past time for Defendants to place this case at issue and move it towards trial. They will have an opportunity to present their defense on summary judgment or at trial, but continuing to hold up resolution of this case at the pleadings stage is a waste of time and resources.

### II. PROCEDURAL POSTURE

On September 12, 2019, plaintiff Arya Toufanian filed this action. For approximately nine months afterwards, Plaintiff attempted numerous times to serve the Summons and Complaint on Defendants, but was unsuccessful due to their refusal to accept service. The Court granted Plaintiff's ex parte application to serve process by publication and Plaintiff completed service on May 29, 2020.

Defendants' first appearance in this action was to litigate an anti-SLAPP motion in response to the original complaint. The Court denied that motion. Defendants then sent Plaintiff a meet and confer letter threatening to move to dismiss all of the original complaint's claims. In response, Plaintiff filed the operative First Amended Complaint (FAC). Without meeting and conferring regarding the FAC, Defendants then unilaterally filed the present motion to dismiss.

Defendants still have not answered the complaint or put this case at issue. The parties have not propounded any written discovery or deposed any witnesses. The Court has not set an initial scheduling conference.

### III. DEFENDANTS FAILED TO MEET AND CONFER REGARDING THEIR CURRENT MOTION TO DISMISS

On September 28, 2020, defense counsel wrote to Plaintiff's counsel to meet and confer regarding three stated deficiencies with the original complaint. *See* Declaration

of Shanen Prout ("Prout Decl.") filed concurrently with this Opposition, ¶ 2, Ex. A. Defendants stated they would move to dismiss the original pleading because (1) Plaintiff fails to plead heightened standard for actual malice, (2) Plaintiff fails to plead any false statements, and (3) the Complaint fails to plead damages for libel per quod and violations of Cal. Bus. & Prof. Code § 17200, et seq. The following day, counsel for the parties spoke on the telephone to discuss defense counsel's letter. Prout Decl., ¶ 3; Doc. # 35, 2nd recital, p. 2. Plaintiff's counsel informed opposing counsel that Plaintiff would review their original complaint and would file an amended pleading if he agreed there were deficiencies in the original pleading. Prout Decl., ¶ 3.

On October 15, Plaintiff filed his FAC. [Doc. # 33]. On October 19, the parties stipulated for leave to file the FAC. [Doc. # 35]. On October 22, the Court approved the parties' stipulation. [Doc. # 36].

Defendants have not complied with Local Rule 7-3's mandate to meet and confer before filing the present motion. Defense counsel never requested that Plaintiff's counsel discuss filing a motion to dismiss the **FAC**. Prout Decl., ¶ 4. Counsel only met and conferred to resolve Defendants' desire to move to dismiss the *original* complaint. *Id.*; Doc. # 35, 2nd recital, p. 2.

## IV.   STANDARDS ON 12(b)(6) MOTIONS

Plaintiff's complaint must meet the pleading requirement of Federal Rule of Civil Procedure 8. A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). In light of the U.S. Supreme Court's *Twombly* and *Iqbal* decisions, the Ninth Circuit has summarized the Rule 12(b)(6) standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable

inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). The plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## V. THE MOTION'S ISSUES WITH THE FIRST AMENDED COMPLAINT, AND PLAINTIFF'S RESPONSES THERETO

In granting Plaintiff's ex parte application to serve the original complaint by publication, the Court noted: "Plaintiff appears to have stated facts sufficient to constitute a cause of action against Defendants." [Doc. #15, 02:15-16]. Plaintiff's First Amended Complaint (FAC) did not delete allegations from the original complaint or add or change claims. The FAC simply added new allegations to bolster supposed infirmities in the original complaint asserted by Defendants' counsel in his meet and confer communications with Plaintiff's counsel. *See* Prout Decl., ¶ 2, Ex. A (letter).

### A. **Plaintiff alleges he is a private figure and Defendants cannot litigate this question on a motion to dismiss.**

Defendants argue that both the FAC and the materials presented for judicial notice establish that Plaintiff is a public figure. First, the FAC alleges that Plaintiff is a *private* figure, not that he is a public figure or a public figure for a limited purpose. FAC, ¶¶ 27, 43. Defendants' motion applies the wrong standard, based on a wrong construction of the FAC, for which the wrong remedy of dismissal is proposed. Defendants' recitation of the wrong legal standard becomes moot because it is subsumed by a wrong representation of Plaintiff's allegations.

If plaintiff is not a public figure, then plaintiff may establish liability for defamation on proof of mere negligence, with no need to show malice. *See Brown v.*

*Kelly Broadcasting Co.* 48 Cal.3d 711, 747 (1989). There are two types of public figures: all-purpose public figures and limited-purpose public figures.

All-purpose public figures are those persons who "occupy positions of such persuasive power and influence that they are deemed public figures for all purposes." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974). In order for a plaintiff to be deemed an all-purpose public figure, there must be "clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society . . . ." *Id*. at 352.

Arya Toufanian is clearly not an all-purpose public figure. None of Defendants' proffered evidence even suggests this. At best, it shows only that Mr. Toufanian is the victim of hearsay and innuendo.

Limited-purpose public figures are those who have "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Gertz*, 418 U.S. at 345. This type of public figure "*voluntarily* injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Id*. at 351 (italics added). A plaintiff's involuntary involvement in a matter of public interest does not establish that he is a limited-purpose public figure. *See, e.g., In Wolston v. Reader's Digest Ass'n*, 443 U.S. 157, 166 (1979).

There are three elements to determining if someone is a limited public figure:

> <u>First</u>, there must be a public controversy, which means the issue was debated publicly and had *foreseeable and substantial ramifications for nonparticipants*. <u>Second</u>, the plaintiff must have undertaken some voluntary act *through which he or she sought to influence resolution of the public issue*. In this regard it is sufficient that the plaintiff attempts to thrust him or herself into the public eye. <u>And finally</u>, the alleged defamation must be germane to the plaintiff's participation in the controversy.

*Ampex Corp. v. Cargle*, 128 Cal.App.4th 1569, 1577 (2005) (quotation marks omitted) (emphasis added).

The California Supreme Court has rejected the argument that simply by doing business with the public a plaintiff is no longer a private person. In *Vegod Corp. v. American Broadcasting Cos*., 25 Cal.3d 763 (1979), plaintiffs conducted the going-out-of-business sale for City of Paris, a landmark department store in San Francisco. Defendants published statements charging plaintiffs with deceiving the public in connection with the sale. The California Supreme Court determined that even though the demise of City of Paris was a matter of public controversy, the plaintiffs had not thrust themselves into that controversy merely by advertising and selling goods to the public. "Criticism of commercial conduct does not deserve the special protection of the actual malice test. Balancing one individual's limited First Amendment interest against another's reputation interest, we conclude that a person in the business world advertising his wares does not necessarily become part of an existing public controversy. It follows those assuming the role of business practice critic do not acquire the First Amendment privilege to denigrate such entrepreneur." *Id*. at 770.

Criticism of a plaintiff's business practices alone cannot create a public controversy, particularly where the defendant is solely responsible for the supposed controversy. *See, e.g., In Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979) (defendant may not create his own defense by making the plaintiff a public figure). A "'fairly high threshold of public activity' is necessary to elevate a person to public figure status. (Tribe, American Constitutional Law (2d ed.1988) § 12–13, p. 881.)" *Brown v. Kelly Broadcasting Co*., *supra*, 48 Cal.3d at 745.

Defendants' misconduct alone cannot make Plaintiff a public figure:

> Selling advertised goods to the public did not make plaintiffs "public figures," or make them part of an existing public controversy. And *criticism of commercial conduct does not deserve the special protection of the actual malice test*. "[T]hose assuming the role of business practice critic do not acquire the First Amendment privilege to denigrate such entrepreneur." (25 C.3d 770.) (See Carver v. Bonds (2005) 135 C.A.4th 328, 352,

> 37 C.R.3d 480 [podiatrist was not limited-purpose public figure with respect to newspaper's reports of his alleged false advertising; criticism of commercial conduct does not deserve special protection of actual malice test . . . .].

5 Witkin, Summary 11th Torts, § 709 (2020).

There is also no evidence that Mr. Toufanian is a limited-purpose public figure. Defendants fail to present evidence of any particular controversy into which Plaintiff injected himself before filing this lawsuit. To the extent there is any controversy about Mr. Toufanian's business practices, it appears those practices concerned promoting college parties (not equities trading or advice about securities). It also appears Mr. Oreffice had a significant hand in creating this controversy for self-serving commercial promotional reasons. Defendants also fail to present evidence that Plaintiff's business practices were debated publicly or had foreseeable and substantial ramifications for parties other than Plaintiff or Defendants. Plaintiff, on the other hand, has properly pled that he is a private figure.

**B.** **Defendants' proffered documents are not subject to judicial notice.**

Judicial notice constitutes evidence of the matters noticed. Fed. R. Evid. 201. Judicial notice may be taken of "adjudicative facts" (e.g., court records, pleadings) and other facts *not subject to reasonable dispute* and either "generally known" in the community or that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); *see Haavistola v. Community Fire Co.*, 6 F.3d 211, 218 (4th Cir. 1993) (abuse of discretion to take judicial notice of disputed adjudicative facts).

Matters not generally known or readily ascertainable are not proper subjects of judicial notice. *Lussier v. Runyon*, 50 F.3d 1103, 1113-1114 (1st Cir. 1995). Judicial notice may also not be taken of a matter that is not beyond reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Facts found on a website cannot be judicially noticed if they are reasonably subject to dispute. And the evidence

must be authenticated pursuant to FRE 901(a) before it can be admitted. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3rd Cir. 2007).

A litigant's website or social media may be merely a "marketing tool" containing "imprecise puffery." As such, courts "should be wary of finding judicially noticeable facts amongst all the fluff on sites and social media. Private business websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned.'" *Id*. at 236, *quoting* Fed. R. Evid. 201(b).

As the court in *Victaulic Co. v. Tieman* stated in reversing the district court's judicial notice of a litigant's website:

> We also note that the District Court employed judicial notice at an early stage in this litigation and outside the context of an evidentiary proceeding. While the rules allow a court to take judicial notice at any stage of the proceedings, Fed.R.Evid. 201(f), we believe that it should be done sparingly at the pleadings stage. Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point. Resolving a thorny issue like reasonableness by resorting to a party's unauthenticated marketing material falls far short of the bar.

*Id*. at 236–237.

Defendants have asked the Court to take judicial notice of various alleged documents from the Internet for the purpose of attempting to prove at the pleadings stage that Plaintiff is a public figure. Plaintiff **objects** to admission of these documents on the Motion to Dismiss. They are unauthenticated and lack proper foundation, and constitute hearsay. Defendants did not even submit a declaration to authenticate or lay foundation for the documents. Judicial admission of the materials would be improper.

### C. The FAC properly pleads malice on Plaintiff's defamation claims.

Defendants assert that the FAC pleads conclusory statements that do not satisfy a heightened pleading standard of actual malice. Defendants' motion also repeatedly

calls for Plaintiff to make a showing of proof to support his allegation that Plaintiff is a private figure and that Defendants acted with malice: "Not only did Plaintiff fail to plead the heightened standard for a public figure or limited public figure in its FAC, Plaintiff falsely asserted, despite the mountain of evidence available, that Plaintiff was not a public figure, presumably to avoid the difficulty of pleading actual malice." Motion, 06:11-14. No such showing of proof is required at this juncture. Plaintiff need only properly allege malice, which he has done.

Malice must be ill will beyond the normal feeling toward a wrongdoer, i.e., a motive different from that which makes the communication privileged. *De Mott v. Amalgamated Meat Cutters & Butcher Workmen*, 157 Cal.App.2d 13, 26 (1958). If defendant's primary motive is advancement of interest that privilege protects and defendant speaks in good faith, then "mere fact that he harbors ill will toward the plaintiff should be a neutral factor." *E.g.*, *King v. United Parcel Service, Inc.*, 152 Cal.App.4th 426, 440 (2007) (employer's statements to employees regarding reason for coworker's termination were not made with malice, so as to preclude application of common-interest privilege; evidence showed that employer's motive was to reassure workers, boost morale, and keep business running efficiently). However, a defendant's actions and the context of interaction between the parties often provide the grounds for malice. As with fraudulent intent, evidence of malice is rarely express or direct.

In *Mamou v. Trendwest Resorts, Inc.*, 165 Cal.App.4th 686, 729 (2008), the appellate court reversed the trial court's grant of summary judgment for the defendant-employer in a defamation case by an employee. One manager characterized plaintiff-employee as member of "Syrian regime" and was reported to plan to "get" or "get even with" employee, another made extreme comments concerning employee's alleged breaches of loyalty, and the managers ordered other employees to shun and avoid the plaintiff. In reversing the trial court's grant of summary judgment, the court held that sufficient facts existed for a jury to find that managers' statements of employee's

alleged misconduct and bad character were motivated by ill will to negate application of common interest privilege of California Civil Code section 47(c)

Similarly, in *Bikkina v. Mahadevan*, 241 Cal.App.4th 70, 91 (2015), the appellate court affirmed the denial of an anti-SLAPP motion and held that whether defendant-dissertation advisor acted with actual malice in telling co-author of the plaintiff-former student's research paper that material in paper was plagiarized, and in telling officials at former student's work place that paper used falsified data, was question of fact bearing on the question of malice, such that summary judgment was improper.

A plaintiff can establish malice by "a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Lundquist v. Reusser*, 7 Cal.4th 1193, 1213 (1994).

In addition to the facts stated in the General Allegations portion of the FAC that provide pertinent background and context for a showing of malice, Plaintiff has alleged detailed facts of malice at paragraphs 10, 15, 23, 34-37, 50-54, and 56 of the FAC. These facts provide a reasonable basis at the pleading stage that Defendants' acted with malice.

**D.     Plaintiff alleges defamatory statements of fact about Plaintiff.**

It is now settled that Defendants published the alleged defamatory statements at issue in the FAC. *See* Motion, § I.C. Defendants argue nonetheless that the FAC's allegations of defamatory publications are mere "statements of opinion" that are not actionable. Defendants again ignore pertinent portions of Plaintiff's claims. Among other averments of fact regarding Plaintiff, Defendants published the following statements directly about Arya Toufanian (who they dubbed the "Douche of Wall Street"):

- Plaintiff took money from others using "elaborate, hyped-up schemes" [FAC ¶ 13, 1st bullet point];

- Plaintiff has "stolen content" and adopted it as his own (i.e., plagiarism or is passing off another's content as Plaintiff's) [FAC ¶ 13, 2nd bullet point];
- Plaintiff charged his clients fees that he falsely told them were one-time fees [*Id.*]; and
- Plaintiff created a "pyramid scheme" using his own customers [FAC ¶ 13, 3rd bullet point].

Defendants' publications lack evidentiary support (FAC ¶¶ 37, 54), and they falsely claim Plaintiff is associated or affiliated with illegal or unlawful conduct. (FAC ¶ 50). As discussed below, pyramid schemes are criminal and fraudulent scams. Knowingly overcharging customers for services or products is an accusation or insinuation that Plaintiff has committed fraud, breach of contract, and underhanded business practices. Defendants are welcome to form their own, uneducated and inexperienced opinions about what constitutes a pyramid scheme or the theft of another's content. But the law prohibits Defendants from accusing Plaintiff of these facts without substantial, competent evidence to prove the truth of those accusations. Plaintiff has pled defamatory statements of fact by Plaintiff.

  **i. Defendants' publications are also defamatory because they have a natural tendency to injure Plaintiff.**

Defendants publicly accuse Mr. Toufanian of operating a "scam" and defrauding customers through a "pyramid scheme." The Merriam Webster Dictionary defines a "scam" as a "a fraudulent or deceptive *act* or *operation*." *See* https://www.merriam-webster.com/dictionary/scam, accessed July 2, 2020 (italics added). Pyramid schemes are provable, factual events, and are commonly associated with criminal activity. *See, e.g.*, *United States. v. Seng Tan*, 674 F.3d 103, 104–105 (1st Cir. 2012) (citing 18 U.S.C. §§ 1341, 1957, 371 and affirming defendants' convictions of mail-fraud, money-laundering, and conspiracy crimes "committed in furtherance of a classic pyramid scheme" that swindled people out of money); *see also* Pennsylvania's Unfair Trade

Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. (defining "pyramid scheme"); and Arizona statute ARS 44-1731, et seq. ("pyramid promotional scheme").[1]

There are few subjects for online publication that could more naturally or easily injure the business reputation and integrity of a person, especially where the impugning statements are made by a business competitor and refer and relate directly to *Mr. Toufanian* and his business.

    ii.  **Plaintiff alleges that Defendants knew their statements were false when they made them or they acted recklessly in making the statements.**

Defendants further argue that Plaintiff has not alleged that Defendants knew any statements they made were false when they made them. This is an incorrect reading of the FAC. Knowledge of falsity and reckless publication of the defamatory statements are alleged at paragraphs 34, 36, 37, 53 and 54.

  E. **The FAC also properly pleads a claim under Cal. Bus. & Prof Code. § 17200, et seq.**

California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus. & Prof. Code § 17200. "The UCL covers a wide range of conduct. It embraces anything that can properly be called a business practice and that at the same time is forbidden by law." *Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal.App.5th 869, 896 (2020) (quotations and citations omitted). The UCL borrows violations from other laws by making them independently actionable as unfair competitive practices. *Id*. A practice may also violate the UCL even if it is not prohibited by another statute. *Id*. Unfair and fraudulent practices are alternate grounds for relief. *Id*. Plaintiff has sufficiently pled defamation against Defendants, which is an

---

[1] The Federal Bureau of Investigation's website describes conduct that constitutes a "pyramid scheme." https://www.fbi.gov/scams-and-safety/common-scams-and-crimes/pyramid-schemes, accessed and retrieved November 11, 2020.

unlawful and unfair act that supports a UCL claim.

The Motion to Dismiss asserts that "[n]ot only does the FAC contain contradictory allegations of facts, the allegations concern Mr. Toufanian's business, *I'm Shmacked*, which is not a party to this case, and thus cannot bring a claim for UCL against Defendants." Motion, 14:06-08. Not surprisingly, Defendants fail to identify which alleged facts they believe are contradictory. Defendants also ignore that the FAC alleges defamatory statements about *Arya Toufanian*, not about some unidentified business entity or fictitious business name. The motion does not posit any reason why Plaintiff's unfair competition claim is defective.

## VI. IF THE COURT IS INCLINED TO GRANT THE MOTION IN ANY RESPECT, PLAINTIFF REQUESTS LEAVE TO FURTHER AMEND

Leave to amend is appropriate here. Federal Rule of Civil Procedure 15(a) expressly states leave to amend "shall be freely given when justice so requires." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (standard for granting leave to amend is "generous"). Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("black-letter law" that district court must give at least one chance to amend absent clear showing amendment would be futile). If the Court grants any portion of the Motion, Plaintiff requests leave to further amend his Complaint to address what would be minor pleadings deficiencies that Plaintiff can cure.

## VII. CONCLUSION

Based on the foregoing, plaintiff Arya Toufanian asks that the Court DENY the motion to dismiss the First Amended Complaint. Defendants do not identify any deficiencies in the pleadings that warrant dismissal of claims.

Dated: November 12, 2020         WEINBERG GONSER LLP

By: /s/ *Shanen R Prout*
    Lee M. Weinberg
    Shanen R. Prout
    Bryan B. Bitzer
    Attorneys for Plaintiff
    ARYA TOUFANIAN