Robert Tauler (241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
TAULER SMITH LLP
626 Wilshire Blvd., Suite 510
Los Angeles, California 90017
Tel. (213) 927-9270

*Attorneys for Defendants*
Kyle Oreffice and Give Back Media, LLC

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARYA TOUFANIAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> KYLE OREFFICE, an individual, GIVE BACK MEDIA, LLC, a Georgia limited liability company; and DOES 1-10, <br><br> Defendants. | Case No. 2:19-cv-07934-DMG-SS <br><br> **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants KYLE OREFFICE ("Oreffice") and GIVE BACK MEDIA LLC (Give Back Media") (collectively, "Defendants") answer the operative First Amended Complaint ("Complaint") of Plaintiff ARYA TOUFANIAN ("Plaintiff"), which is subject to the Court's Order on Defendants' Motion to Dismiss the First Amended Complaint (ECF 43) pursuant to Plaintiff's Notice Regarding Order on Defendants' Motion to Dismiss the First Amended Complaint dated July 23, 2021 (ECF 44).

## JURISDICTION AND VENUE

1. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation that Plaintiff is a citizen of Washington, D.C. Defendants deny that Kyle Oreffice is a citizen of North Carolina. Defendants admit that Give Back Media LLC was registered to conduct business under and was domiciled in the State of Georgia with its principal place of business therein. Except as otherwise admitted, Defendants deny each remaining allegation in paragraph 1.

2. Denied.

3. Denied.

## PARTIES

4. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation that Plaintiff is an individual residing and domiciled in Washington, District of Columbia. Defendants deny each remaining allegation in paragraph 4.

5. Defendants admit that Kyle Oreffice was an owner and executive officer of Give Back Media LLC until it was administratively dissolved. Defendants deny each remaining allegation in paragraph 5.

6. Admitted.

7. Does not require a response.

8. Does not require a response.

9. Does not require a response.

## GENERAL ALLEGATIONS

10. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation that Plaintiff is engaged in the business of providing stock trading information and other data and methods to individual and business customers and that Plaintiff operates several stock information businesses, including through the Instagram page @sensastocks. Defendants deny each remaining allegation in paragraph 10.

### Kyle Oreffice's Alleged Defamatory Publications about Toufanian on Quantumstocktrading.com

11. Denied.

12. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 12 and on that basis denies the same.

13. Defendants admit that Exhibit 1 shows a page with the url quantumstocktrading.com and an article titled "*The Douche of Wall Street: How Arya Toufanian Scams Innocent Investors.*" Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 13 concerning content on the site's homepage. Defendants deny that they published or made the identified statements on quantumstocktrading.com that are alleged in paragraph 13. Defendants deny each remaining allegation in paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 18 and on that basis denies the same.

19. Denied.

20. The allegations in paragraph 20 do not require a response because the Court dismissed without leave to amend "Toufanian's libel *per se* and liber *per quod* claims based on Instagram posts for the @MalibuDogHotel handle." (ECF 43 at 10). If Defendants are

still required to respond to the allegations in paragraph 20, Defendants deny each allegation in paragraph 20.

### Kyle Oreffice's Alleged Defamatory Publications about Toufanian on Facebook and Instagram

21. Defendants admit that Exhibit 2 shows a Facebook post with the date July 13 and denies each of the remaining allegations in paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 25, and on that basis denies all allegations.

### FIRST CLAIM FOR RELIEF
### (Libel Per Se against all Defendants)

26. This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Defendants deny them.

27. Denied.

28. Denied.

29. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 29 and on that basis denies the same.

30. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 30 and on that basis denies the same.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.
39. Denied.
40. Denied.
41. Denied.

## SECOND CLAIM FOR RELIEF

**(Libel Per Quod against all Defendants)**

42. This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Defendants deny them.
43. Denied.
44. Denied.
45. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 45, and on that basis denies the same.
46. Denied.
47. Denied.
48. Denied.
49. Denied.
50. Denied.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 55, and on that basis denies the same.
56. Denied. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation that multiple persons contacted Plaintiff to tell him that Defendants' publications are the reason they did not want to retain Plaintiff's services, and on that basis, denies the same. Defendants deny each remaining allegation in paragraph 56.

Case 2:19-cv-07934-DMG-SS   Document 45   Filed 08/12/21   Page 6 of 11   Page ID #:740

57. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 57, and on that basis denies the same.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### THIRD CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* against all Defendants)

62. This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Defendants deny them.

63. Denied.

64. Denied.

65. Denied.

66. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 66, and on that basis denies the same.

67. Denied.

68. Denied.

69. The allegations in paragraph 69 do not require a response because the Court dismissed Plaintiff's "UCL claim based on any act besides defamation" (ECF 43 at 10). If Defendants are still required to respond to the allegations in paragraph 20, Defendants deny each allegation in paragraph 69.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

Answer to First Amended Complaint                     Case No. 2:19-cv-07934-DMG-SS

## **DEFENSES**

76. Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants allege the following separate and distinct general defenses and affirmative defenses to the operative Complaint. Defendants reserve the right to assert additional defenses in the future that are unknown, or learned in the litigation process or discovery.

### First Defense

(Failure to join indispensable party)

77. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to join an indispensable party.

### Second Defense

(Failure to state a claim upon which relief may be granted)

78. Plaintiff's claims are barred, in whole or in part, because it has failed to state a claim for which relief can be granted.

### Third Defense

(Privilege)

79. Plaintiff's claims are barred, in whole or in part, because the alleged statements made by Defendants are privileged.

### Fourth Defense

(No Malice)

80. Plaintiff's claims are barred, in whole or in part, because Defendants did not act with malice.

### Fifth Defense

(Unclean Hands)

81. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Defense

(Lack of Standing)

82. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring forth its claims.

### Seventh Defense

### (Lack of Causation)

83. Plaintiff's claims are barred, in whole or in part, because Defendants did not directly or proximately cause or contribute to any injury or damage alleged by Plaintiff.

### Eighth Defense

### (Speculative Damages)

84. Plaintiff's claims are barred, in whole or in part, because any damages claimed by Plaintiff are speculative.

### Ninth Defense

### (Intervening Causes)

85. Plaintiff's claims are barred, in whole or in part, because the damages claimed by Plaintiff were caused by or made worse by intervening causes.

### Tenth Defense

### (Truth)

86. Plaintiff's claims are barred, in whole or in part, because all statements allegedly made, if any, by or on behalf of Defendants concerning or referring to Plaintiff were or are substantially true.

### Eleventh Defense

### (Statements of Opinion)

87. Plaintiff's claims are barred, in whole or in part, because the statements alleged to be made by Defendants were not statements of fact, but mere opinions.

### Twelfth Defense

### (Failure to Mitigate)

88. Plaintiff failed to mitigate or attempt to mitigate its damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must therefore be barred or diminished.

<div style="text-align:center">Thirteenth Defense</div>

<div style="text-align:center">(Uniform Single Publication Act – Cal. Civ. Code § 3425.3)</div>

89. Under Cal. Civ. Code § 3425.3, Plaintiff is barred from having more than one cause of action for damages for libel or any other tort founded upon any single publication or exhibition or utterance.

<div style="text-align:center">Fourteenth Defense</div>

<div style="text-align:center">(Setoff)</div>

90. Defendants are entitled to a setoff of any monies recovered by Plaintiff from third parties whom Plaintiff also asserted claims against for the same news articles, blog posts, social media posts, and/or statements that are at issue in this action.

<div style="text-align:center">Fifteenth Defense</div>

<div style="text-align:center">(Statute of Limitations)</div>

91. Plaintiff's claims are barred by the statute of limitations which is one year under California law.

<div style="text-align:center">Sixteenth Defense</div>

<div style="text-align:center">(Improper Venue)</div>

92. Venue is improper because no party to this action resides or is domiciled in this district or in the State of California.

<div style="text-align:center">Seventeenth Defense</div>

<div style="text-align:center">(Waiver, Estoppel, or Laches)</div>

93. Plaintiff's claims are barred, by one or more of the following doctrines: waiver, estoppel, and laches.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief against Plaintiff on the complaint as follows:

1. That Plaintiff take nothing by the Complaint;
2. That judgment dismissing the Complaint in its entirety, with prejudice;

3. For an award to Defendants of attorneys' fees, litigations expenses and costs to the maximum extent allowed by law;

4. For such other and further relief as the Court may deem just and proper.

Dated: August 12, 2021					TAULER SMITH LLP


							By: */s/Robert Tauler*
							Robert Tauler, Esq.
							Attorneys for Defendants

**CERTIFICATE OF SERVICE**

*Toufanian v. Oreffice, et al*, Case No.: 2:19-cv-07934-DMG-SS

I hereby certify that on August 12, 2021, copies of **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** were filed electronically through the Court's CM/ECF system, and served by U.S. mail on all counsel of record unable to accept electronic filing.

TAULER SMITH LLP

By: */s/Robert Tauler*
Robert Tauler, Esq.
Attorneys for Defendants