Lee M. Weinberg (Cal. SBN 131567)
*lee@weinberg-gonser.com*
Shanen R. Prout, of counsel (Cal. SBN 236137)
*shanen@weinberg-gonser.com*
Bryan B. Bitzer (Cal. SBN 324301)
*bryan@weinberg-gonser.com*
WEINBERG GONSER LLP
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Phone: (424) 239-2850

Attorneys for Plaintiff
ARYA TOUFANIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

ARYA TOUFANIAN, an individual,

Plaintiff,

v.

KYLE OREFFICE, an individual; GIVE BACK MEDIA, LLC, a Georgia limited liability company; and DOES 1-10,

Defendants.

Case No. 2:19−cv−07934−DMG(SSx)

Assigned to the Hon. Dolly M. Gee
Courtroom 8C

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT AND DISCOVERY PLAN**

Scheduling Conference: Sept. 24, 2021 at 9:30 a.m.
Action filed: Sept. 12, 2019

Plaintiff Arya Toufanian and Defendants Kyle Oreffice and Give Back Media, LLC submit this Joint Federal Rule of Civil Procedure 26(f) Report and Discovery Plan following the conference of counsel required by Federal Rule of Civil Procedure (FRCP) 16(b) and 26(f), Local Rule 26-1, and the Order setting a Scheduling Conference [Dkt. 46].

## I. SUBJECT MATTER JURISDICTION

Plaintiff's Statement:

Plaintiff's claims arise under California state law. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §§ 1332(a).

Defendant's Statement:

Defendants dispute this Court has jurisdiction and Defendant's dispute that this controversy exceeds the jurisdictional value of $75,000.

## II. BRIEF STATEMENT OF THE CASE AND THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

This action is at issue. Plaintiff alleges that in or around 2018 and 2019 Defendants published on their website and social media an article titled "The Douche of Wall Street" that accused Plaintiff of "taking money from people over the internet through elaborate, hyped-up schemes," "creating a pyramid scheme of scams," "[stealing] content from free Discord servers and post[ing] it in [Plaintiff's] paid Discord [platform]," and committing business fraud. Plaintiff has alleged the publications as exhibits to the operative First Amended Complaint. Plaintiff avers that these publications remain live on the Internet and viewable worldwide to the public.

Plaintiff alleges three California state claims for defamation per se, defamation per quod, and unfair competition under Business & Professions Code § 17200, et seq.

Defendants deny these allegations and assert various affirmative defenses. Defendants deny that the alleged defamatory statements were false, or that they are statements of fact (they are statements of opinion). Defendants assert that the statements are of public concern and interest. Defendants also assert that Plaintiff did not suffer damages proximately caused by the alleged defamatory statements.

### A. Plaintiff's contention of the principal factual issues

Plaintiff believes litigation of his case will involve determination of the following: (1) whether Defendants published the alleged defamatory statements at issue,

(2) whether Defendants' publications were objectively false when made, (3) whether Defendants had any evidentiary support for their publications at the time they made them, (4) the identities of those witnesses to Defendants' publications and whether they reasonably understood they were about Plaintiff, (5) Plaintiff's actual damages for the harm done to Plaintiff's business, trade and/or occupation, expenses plaintiff had to pay as a result of the defamatory statements, harm to plaintiff's reputation, damages for Plaintiff's shame, mortification, and/or hurt feelings, and (6) whether Defendants' publications factually caused the damage to Plaintiff.

**B. Defendants' contention of the principal factual issues**

The majority of the facts alleged in Plaintiff's Amended Complaint are completely made-up falsehoods. Some of the conduct Plaintiff alleges in the pleadings against Defendants is actually conduct that Plaintiff *himself* did to Defendant Kyle Oreffice, not vice versa, as Plaintiff alleges. Given the grave factual falsehoods alleged in the pleadings, there are substantial factual issues in this action.

Defendant Give Back Media denies having any relation to this action or the allegations in this action, denies being in the same field or industry as Plaintiff, denies being a competitor in any way with Plaintiff or any of Plaintiff's purported stock/trading advice businesses, and denies any conduct whatsoever having to do with the facts alleged in this action. Defendants contend that Plaintiff cannot show that Give Back Media is a proper party in this case.

Defendants both deny writing the alleged defamatory statements and/or Blog Post, deny publishing the statements and/or Blog Post anywhere, deny making any communications to Plaintiff's customers, friends, followers, family, etc., deny creating, running, managing, and/or communicating through any social media accounts (including the social media accounts identified in the pleadings) concerning or referencing Plaintiff, and denies that any of their acts caused Plaintiff any harm, injury, or damages. Plaintiff cannot show that the alleged defamatory statements harmed

Plaintiff or caused any injury or damages alleged. Defendants contend that Plaintiff cannot show that its business or reputation was harmed as a result of any conduct by Defendants or as a result of the publication of the alleged defamatory statements, especially given Plaintiff's widespread poor reputation at the time and prior to the publication of the alleged defamatory statements, the widespread media coverage of Plaintiff's poor reputation, history of running multiple business scams, and victim testimony, including in the world's most renowned news source, The New York Times. Defendants contend that Plaintiff comes to the Court with unclean hands because amongst other things, Plaintiff did the very conduct it alleges against Defendants.

Defendants contend that the statements at issue in this case are statements of opinion (not fact), and are true (not false.) Defendants contend that the statements are of public concern and interest. Defendants also contend that all of the statements are well supported by witness testimony, research, and investigation.

Defendants contend that Plaintiff is a public figure or limited public figure and cannot prove malice.

## III. BRIEF STATEMENT OF THE DISPUTED POINTS OF LAW

California statutory and common law will govern Plaintiff's claims and Defendants' affirmative defenses. The parties dispute the following legal questions:

(1) Whether the alleged publications about Plaintiff are actionable statements of fact, and, if so, whether they are defamation per se or defamation per quod;

(2) Whether Defendants used reasonable care to determine the truth or falsity of their alleged statements;

(3) Whether Plaintiff is a general or limited purpose public figure;

(4) Whether the alleged publications about Plaintiff involved matters of public concern;

(5) If Plaintiff is a general or limited purpose public figure or the alleged publications about Plaintiff involved matters of public concern, did Defendants act with

requisite malice in making the publications; and

(6) Whether the alleged publications about Plaintiff were legally privileged when made.

(7) Whether the alleged defamatory statements caused harm to Plaintiff and whether Plaintiff's alleged damages were caused by the alleged harm.

(8) Whether Plaintiff comes to Court with unclean hands.

## IV. RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks compensatory damages of no less than $1,000,000, in an exact amount to be proven at trial. Plaintiff seeks assumed damages on his defamation claims, in an exact amount to be awarded at trial, and damages for harm to Plaintiff's business, trade and/or occupation, expenses plaintiff had to pay as a result of the defamatory statements, harm to plaintiff's reputation, damages for Plaintiff's shame, mortification, and/or hurt feelings. Plaintiff also seeks injunctive relief under his unfair competition claim enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with, in conspiracy with, or affiliated with Defendants, from making further false and/or defamatory statements about Plaintiff. Plaintiff also seeks costs, damages and/or injunctive relief for corrective advertising or publications to members of the public through the Internet and on social media platforms.

## V. NOT COMPLEX LITIGATION

The parties do not contemplate this case to invoke any part of the Complex Litigation Manual; thus, the parties do not propose any modifications of the procedures set forth in that manual for this particular action.

## VI. CURRENT LAW AND MOTION ACTIVITY

There are no pending motions.

## VII. THE POSSIBLE ADDITION OR DISMISSAL OF PARTIES, CLAIMS, OR DEFENSES

The parties do not expect at this time to amend their pleadings or add or dismiss parties, claims or defenses.

## VIII. RELATED CASES OR PROCEEDINGS

There are no related cases or proceedings.

## IX. TRIAL ESTIMATE

The parties expect to submit the case to a jury trial, and for trial to last four to six days. The parties propose the Final Pretrial Conference occur on May 10, 2022 and that Trial commence on June 7, 2022.

## X. SETTLEMENT

In 2020, the parties' counsel briefly discussed settlement at the outset of this case, but neither party has communicated any offer or demand to the other side. Counsel have not discussed settlement in 2021. The parties agree to submit this case to the Court's ADR Procedure No. 2: mediation before a neutral selected from the Court's Mediation Panel. The parties propose attendance at mediation sometime in February 2022 and a Settlement Conference Completion Date of March 8, 2022.

## XI. DISPOSITIVE MOTIONS

Plaintiff does not expect at this time to file a motion for full or partial summary judgment.

Defendants expect to file a full or partial motion for summary judgment after discovery is completed.

The parties propose a dispositive motion cut-off date of February 8, 2022.

**Plaintiff's statement as to issues he believes may be determined by motion.**

Plaintiff believes the following fact and law questions may be amenable to adjudication on motion: (1) whether Defendants published the alleged defamatory statements at issue, (2) whether Defendants' publications were objectively true when made, (3) whether Defendants had any evidentiary support for their publications at the time they made them, (4) whether Defendants used reasonable care to determine the

truth or falsity of their alleged statements, (5) whether Defendants' publications factually caused the Plaintiff's actual damages, (6) whether the alleged publications about Plaintiff are actionable statements of fact, and, if so, whether they are defamation per se or defamation per quod, (7) whether Plaintiff is a general or limited purpose public figure, (8) whether the alleged publications about Plaintiff involved matters of public concern, (9) if Plaintiff is a general or limited purpose public figure or the alleged publications about Plaintiff involved matters of public concern, whether Defendants acted with requisite malice in making the publications, and/or (10) whether the alleged publications about Plaintiff were legally privileged when made.

**Defendants' statement as to issues they believe may be determined by motion.**

In addition to the above, Defendants add the following: whether the proper parties were sued in this action; and whether Plaintiff comes to Court with unclean hands.

## XII. NO CONSENT TO MAGISTRATE ADJUDICATION

At this time the parties do not consent to have a Magistrate Judge from the Court's Voluntary Consent List preside over this action for all purposes, including trial.

## XIII. SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF

The parties do not expect to seek severance of any claims or defenses; nor do they anticipate making requests for particular ordering of proof at trial. Defendants may seek bifurcation of the liability and damages phases at trial.

## XIV. OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE

The parties do not anticipate at this time that the action will involve any unusual legal issues.

## XV. DISCOVERY ACTIVITY AND THE PARTIES' DISCOVERY PLAN

The parties have not completed any discovery activities at this time. On September 1, 2021, Defendants propounded a first set of Requests for Production of

Documents. Plaintiff has not served responses yet. The parties expect to propound on each other at least one set each of interrogatories, requests for production of documents, and requests for admission. The parties expect to depose each other. Plaintiff expects to also depose witnesses disclosed by Defendants as alleged victims of fraud by Plaintiff. Defendants expect to depose witnesses disclosed by Plaintiff, witnesses and victims of Plaintiff's scams and fraudulent businesses, and witnesses who were also accused by Plaintiff of the same damages alleged in this action.

At this time Plaintiff anticipates that he will call an information technology and/or digital forensic expert(s) concerning Defendant's online and social media publications at issue in this action. Plaintiff may also retain and call an expert at trial on the subject of Plaintiff's actual damages.

Defendants anticipate calling an expert at trial on the subject of business scams and pyramid schemes.

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties will make their initial disclosures by the deadline of September 17, 2021.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties expect to complete their written discovery and non-expert depositions by February 1, 2022, and any expert depositions by early April of 2022. The parties expect to make their expert witness disclosures under FRCP 26(a)(2) by March 8, 2022.

Plaintiff expects to conduct discovery on at least the following topics:

- The nature and conduct of Defendants' business and their work as "Quantum Stocks" or "Quantum Stock Trading" and through the website

www.quantumstocktrading.com;

- Defendants' publication of the alleged defamatory posts;
- The falsity of the statements of fact in Defendants' alleged posts;
- Defendants' removal of the alleged posts from the Internet and social media, and Defendants' reasons for the removal;
- Defendants' intention and motives behind allegedly making the posts;
- The identities of witnesses to Defendants' alleged posts and their understanding of the meaning of the posts;
- Defendants' communications with third parties about Plaintiff and his business; and
- The facts, witnesses and documents that support Defendants' affirmative defenses.

Defendants expect to conduct discovery on at least the following topics:

- The truth of each statement in the Blog Post at issue in this action including without limitation whether Plaintiff's businesses are a scam or a pyramid scheme, whether Plaintiff has a history of taking money from people on the Internet, whether Plaintiff overcharges customers, and whether Plaintiff charges customers for content taken from free Discord Servers;
- The identities of customers that Plaintiff allegedly lost and/or did not hire Plaintiff as a result of the Blog Post and/or Defendants' alleged communications;
- Plaintiff's lost sales and lost business as a result of the Blog Post and/or Defendants' alleged communications;
- The identity of persons who allegedly received communications from Defendants concerning Plaintiff and/or the Blog Post at issue in this action;
- Plaintiff's public figure or limited public figure status;

- Plaintiff's reputation prior to and after the Blog Post was published;
- Plaintiff's alleged damages;
- Plaintiff's other claims and allegations against third parties for the same injury and damages asserted in this action against Defendants.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff and his counsel's recent searches for "The Douche of Wall Street" post at https://www.quantumstocktrading.com/aryascam/ and https://www.instagram.com/aryascam/ have disclosed that the entire webpage and Instagram account have been removed and are apparently no longer visible. Defense counsel did not inform Plaintiff's counsel of this fact. If Defendants removed the publications and will neither voluntarily provide copies of the webpage or Instagram account posts, nor admit to posting the alleged defamatory publication—notwithstanding Defendants' prior contrary position taken in their Motion to Strike Plaintiff's Complaint Pursuant to California Code of Civil Procedure § 425.16 [Doc. #26, 03:20-04:11; *see also* Defendants' Motion to Dismiss, Doc. #37-1, 02:22-03:11]—then Plaintiff will conduct a digital audit and may need to subpoena third parties to uncover information about the webpage and Instagram account. Given the removal of the alleged offending publications, Plaintiff anticipates a discovery fight between the parties concerning Defendants' concession whether he published the publications.

Defendants do not anticipate issues obtaining the alleged defamatory statements at issue in this case because Plaintiff included copies of the Blog Post that contains the alleged defamatory statements to its Complaint and Amended Complaint. The Quantum Stocks website has not been in business since 2019 and the website itself expired due to lack of monetary resources. Defendants do not anticipate any "discovery fights" with Plaintiff or any need for "digital audits."

Defendants do not anticipate any issues with the "@aryascam" Instagram account https://www.instagram.com/aryascam/ because Defendants did not start this Instagram account, never managed, ran, accessed, or controlled this account, and Defendants do not know who created this account, or who managed this account. Defendants had no control or knowledge of the removal of this Instagram account. Any discovery pertaining to this Instagram account that Plaintiff seeks can be obtained through a third-party subpoena to Instagram.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties do not at this time see any issues concerning claims of privilege in attorney-client communications or attorney work product.

**E. What changes should be made in the limitations on discovery imposed under the FRCP or by Local Rule, and what other limitations should be imposed.**

At this time the parties do not anticipate making any proposed modifications of the FRCP or Local Rules concerning discovery procedures. The parties also do not anticipate any unusual legal issues in this case, and therefore do not think discovery needs to be conducted in phases or only as to certain issues.

**F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff's position:

The parties do not believe at this time that the Court should make any orders under FRCP 26(c) or under FRCP 16(b) and (c). However, in Plaintiff's opinion, Defendants' requests for production of documents to Plaintiff contain a number of demands for information, including the following, which Plaintiff believes either ask for irrelevant information; are outside the scope of discovery; are disproportional to the

needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit; will violate the privacy rights of Plaintiff or his customers if complied with; and/or call for the production of Plaintiff's trade secrets and confidential or proprietary information:

- the identities of Plaintiff's customers, their contact information, and their payments to Plaintiff for his services;
- Plaintiff's business model relating to stock advice services;
- Plaintiff's monthly revenue and profits made from his stock advice services;
- Plaintiff's profit and loss statements;
- all documents concerning any lawsuit, action, claim, charge, assertion, allegation, or arbitration proceeding brought by or against Plaintiff involving claims for defamation and/or unfair competition;
- Plaintiff's demand letters, cease and desist letters, and other communications he has caused to be sent since 2015 asserting claims against others for defamation, unfair business practices and/or unfair competition, and all subsequent responses to those communications;
- all of Plaintiff's social media posts from any personal and business accounts from 2016 to the present; and,
- all of Plaintiff's all communications and documents with The New York Times, Huffington Post, and Business Insider relating to articles they have published about Plaintiff.

The parties will meet and confer in good faith to address Plaintiff's concerns and seek to avoid having to litigate discovery motions, but Defendants' insistence on production of certain information may necessitate the filing of a motion for a protective

order.

Defendants' position:

Defendants do not believe the Court should address or consider any premature discovery issues that Plaintiff raises herein concerning Defendants' first set of Requests for Production of Documents, recently served, which Plaintiff has not formally responded to or objected to, and which the parties did not meet and confer as to any disputes. Defendants also anticipate filing a motion for a protective order.

Dated: September 9, 2021

WEINBERG GONSER LLP

*/s/ Shanen R. Prout*
By: ___________________
Lee M. Weinberg
Shanen R. Prout
Bryan B. Bitzer
Attorneys for plaintiff Arya Toufanian

Dated: September 9, 2021

TAULER SMITH LLP

*/s/ Robert Tauler*
By: ___________________
Robert Tauler
Valerie Saryan
Attorneys for defendants Kyle Oreffice and Give Back Media, LLC

Pursuant to L.R. 5-4.3.4(a)(2)(i), the e-filer of this document hereby attests that all other signatories listed, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Case No. 2:19−cv−07934−DMG(SSx) Case Name: Arya Toufanian v. Kyle Oreffice, et al.

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [ X ] Jury<br>Duration Estimate: 4-6 days | June 7, 2022<br>(Tuesday)[3] | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br>4 wks before trial | May 10, 2022<br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | December 24, 2021 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | February 1, 2022 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | February 8, 2022 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | March 8, 2022 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | April 5, 2022 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | April 19, 2022 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | April 12, 2022 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | April 19, 2022 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | April 26, 2022 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | | None |

**EXHIBIT A**

3 Trials commence on Tuesdays. Final pretrial conferences are held on Tuesdays.