1  Lee M. Weinberg (Cal. SBN 131567)
2  *lee@weinberg-gonser.com*
   Shanen R. Prout, of counsel (Cal. SBN 236137)
3  *shanen@weinberg-gonser.com*
   Bryan B. Bitzer (Cal. SBN 324301)
4  *bryan@weinberg-gonser.com*
5  WEINBERG GONSER LLP
   10866 Wilshire Blvd., Suite 1650
6  Los Angeles, CA 90024
7  Phone: (424) 239-2850

8  Attorneys for Plaintiff
9  ARYA TOUFANIAN

10              UNITED STATES DISTRICT COURT
11      CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
12

13  | ARYA TOUFANIAN, an individual, | Case No. 2:19−cv−07934−DMG (SKx) |
14  |  | |
15  |    Plaintiff, | Assigned to the Hon. Dolly M. Gee Courtroom 8C |
16  | v. | |
17  | KYLE OREFFICE, an individual; GIVE BACK MEDIA, LLC, a Georgia limited liability company; and DOES 1-10, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FRCP 37(a)(5)(A)** |
18  |  | |
19  |  | |
20  |    Defendants. | [Filed concurrently with Declaration of Shanen Prout] |
21  |  | |
22  |  | [Before the Hon. Steven Kim—NO ORAL ARGUMENT] |
23  |  | |
24  |  | Case filed: September 12, 2019 Trial: June 7, 2022 |
25

26
27
28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................- 1 -

II.     ADDITIONAL FACTS RELEVANT TO THE SANCTIONS
        MOTION ........................................................................- 1 -

III.    APPLICABLE LAW .........................................................- 3 -

        A.      Courts use the lodestar calculation of fee awards. ...........- 3 -

        B.      Hourly rates must be reasonable. ....................................- 3 -

        C.      The time claimed by counsel must be reasonably expended. -
                3 -

IV.     THE REQUESTED AMOUNT OF FEES ARE
        INAPPROPRIATE AND UNREASONABLE UNDER THE
        CIRCUMSTANCES ..........................................................- 4 -

        A.      The fees Motion lacks the requisite factual support for the
                requested hourly rates, which are excessive for the simple
                nature of the work..........................................................- 4 -

        B.      Defendants' stated number of hours are unreasonable, and
                many entries are not recoverable under Rule 37(a)(5)(A).  - 6
                -

                1.      Defendants claim fees for activities not conducted in
                        "making" their underlying motion to compel. .......- 7 -

                2.      The records also contain insufficiently descriptive
                        entries and excessive, redundant or otherwise
                        unnecessary activities.............................................- 8 -

                3.      Requested reductions in Defendants' claimed fees.  - 8
                        -

                4.      Plaintiff objects to the award of any fees for Luca
                        Stein because there is no competent evidence of his
                        time....................................................................- 15 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V.     DISCOUNTED TOTALS OF COUNSELS' TIME AND FEES ... - 16 -

VI.    PLAINTIFF REQUESTS A FURTHER DISCOUNT FOR THE UNREASONABLE NUMBER OF HOURS BILLED ............ - 16 -

VII.   CONCLUSION ........................................................................ - 17 -

ii

TABLE OF CONTENTS

<u>TABLE OF AUTHORITIES</u>

**CASES**

*Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) ..................... - 5 -

*Aevoe Corp. v. AE Tech Col., Ltd*., Case No. 2:12-cv-00053-GMN-NJK, 2013 U.S.
Dist. LEXIS 135755, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) .............. - 7 -

*Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)................................................ - 3, 5 -

*Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 979 (9th Cir. 2008)....................... - 3 -

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).................... - 3 -

*Eley v. District of Columbia*, 793 F.3d 97, 104 (D.C. Cir. 2015).............................. - 5 -

*Hamilton v. Ford Motor Co*., 636 F.2d 745, 747 (D.C. Cir. 1980) ............................ - 1 -

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...................................................... - 3, 4, 17 -

*In re Washington Public Power Supply Sys. Sec. Litig*., 19 F.3d 1291, 1305 (9th Cir.
1994) ..............................................................................................- 6, 10 fn. 2 -

*Koninklijke Philips Elecs. N.V. v. Power Media Cd Tek Inc.*, No. CV 07-4788-
SVW(SSx), 2008 U.S. Dist. LEXIS 130399, at *9 (C.D. Cal. Feb. 6, 2008) ........ - 17 -

*Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) ............................................ - 3 -

*Mencia v. Allred*, 808 F.3d 463, 473 (10th Cir. 2015)............................................... - 3 -

*Miltope Corp. v. Hartford Cas. Ins. Co*., 163 F.R.D. 191, 195 (S.D.N.Y. 1995) ....... - 1 -

*Morales v. City of San Rafael*, 96 F.3d 359, 363-65 (9th Cir. 1996)......................... - 4 -

*Open Source Security, Inc v. Perens*, Case No. 17-cv-04002-LB, 2018 U.S. Dist. LEXIS
98169, 2018 WL 2762637, at *4 (N.D. Cal. June 9, 2018).................................... - 6 -

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) ....................................... - 4 -

*Rucker v. Air Ventures, Haw., LLC*, No. 16-00492 HG-KSC, 2017 U.S. Dist. LEXIS
151498, 2017 WL 4158201, at *3 (D. Haw. Sept. 19, 2017)................................... - 3 -

*Sandoval v. Yeter*, Case No. 18-0867-CBM (JPRx), 2019 U.S. Dist. LEXIS 227406,
2019 WL 7905731, at 4 (C.D. Cal. Oct. 31, 2019) ................................... - 7, 14 fn. 9 -

*True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG (DMR),

   2015 U.S. Dist. LEXIS 70620, 2015 WL 3453459 (N.D. Cal. May 29, 2015) ....... - 4 -

*U.S. v. $12,248 in U.S. Currency*, 957 F.2d, 1513, 1521 (9th Cir. 1991) ................... - 4 -

*Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041 (9th Cir. 2000) ..... - 8, 14 fn. 9 -

*Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) - 8, 10 fn. 2, 15 fn. 10 -

## STATUTES

Fed. R. Civ. P. 37(a)(5)(A) ......................................................................... - 7 -

## RULES

Fed. R. Evid. 104(b) ..................................................................................... - 16 -

Fed. R. Evid. 104(b); 402 .............................................................................. - 16 -

Fed. R. Evid. 602 .......................................................................................... - 15 -

Fed. R. Evid. 802 .......................................................................................... - 16 -

Fed. R. Evid. 901 .......................................................................................... - 16 -

iii.

TABLE OF AUTHORITIES

## I.  INTRODUCTION

Defendants have presented the Court with a routine application for attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A).  Plaintiff Arya Toufanian does not dispute that Defendants might be entitled to compensation for litigating their motion to compel production of documents ("MTC").  But Plaintiff objects to the overreach by defense counsel.  The Court has no doubt seen the kinds of inflated numbers presented by Defendants in their motion.  That litigation counsel routinely puff their rates and time spent on activities, particularly those that are vaguely mentioned or of a repetitive nature, does not, however, excuse the moving party from meeting his burden to show that the fees he seeks are reasonable under Rule 37.  Defendants have fallen short of that responsibility to the Court.  The Court should significantly discount the fee sought by Defendants.

"The typical discovery sanction under Rule 37 is an assessment of costs and fees payable to the victimized party.  The purpose of such sanction is largely compensatory," not punitive.  *Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995); compare *Hamilton v. Ford Motor Co.*, 205 U.S. App. D.C. 37, 636 F.2d 745, 747  (D.C. Cir. 1980) (as the statute that sets forth sanctions a party may seek when another party fails to comply with a court order compelling discovery, "[t]he principal purpose of Rule 37(b) is punitive, not compensatory.").

## II.  ADDITIONAL FACTS RELEVANT TO THE SANCTIONS MOTION

On June 10, 2020, in support of Defendants' Motion to Strike Plaintiff's Complaint pursuant to California Code of Civil Procedure § 425.16 (anti-SLAPP motion), defense counsel Robert Tauler declared that his "hourly rate in this case is $575 per hour."  ECF No. 18-1, ¶ 12.  Mr. Tauler stated that the rate for his co-counsel Valerie Saryan "is $325 per hour on this matter."  ECF No. 18-1, ¶ 13.

On June 25, 2020, Defendants filed a renewed anti-SLAPP motion.  ECF No. 25. The motion did not address complex issues and was less than twenty pages long.  *Id.*

Notwithstanding the run-of-the mill nature of the motion, in support of it Mr. Tauler declared again that his "hourly rate in this case is $575 per hour" and that Defendants had incurred $25,270.00 in attorney's fees and costs on the motion.  ECF No. 25, page 26 of 28; 25-8, ¶ 3.  Defendants averred that their counsel spent **80.5** hours just on the anti-SLAPP motion alone.  *See* ECF No. 25-8, ¶ 3, Ex. A.

On September 1, 2021, Defendants jointly propounded a single set of requests for production of documents (RPDs) on Plaintiff.  *See* ECF No. 60 (the MTC), at 01:09-10.

On October 4, Plaintiff served his original responses and objections to the RPDs.  *Id*., 01:10-12.

On December 21, 2021, Plaintiff produced his first batch of responsive documents comprised of 83 pages and a video.  *Id*., 02:08-10.

On December 29, Defendants filed their unopposed MTC.  At issue in the MTC were RPDs numbered 1, 3, 4, 6, 16, 19, 20, 35, 36, 38, 42, 52, 56, 58, 60, and 68.

On January 4, 2022, Plaintiff produced an additional 47 pages of documents and served supplemental responses to the subject RPDs.  *Id*., 02:22-24.  Defendants did not inform Plaintiff that those responses were somehow not compliant with Fed. R. Civ. Proc. 34(b)(2).  Defendants now claim on the current motion that Plaintiff's "documents were still insufficient and nonresponsive" (Saryan Decl., ECF No. 62-2, ¶ 10), but neither Defendants' motion nor their counsels' supporting declarations show facts to support this conclusion.

On January 11, Plaintiff's counsel wrote to defense counsel, "Can you let me know if our supplemental responses to the document requests are satisfactory?  If so, will you take your motion [to compel production of documents] off calendar?"  *See* Declaration of Shanen Prout ("Prout Decl."), ¶ 2, Ex. A.  Defense counsel never responded.  *Id.*, ¶ 2.

On January 26, in an attempt to finally put to rest the issue of responses to the RPDs, Plaintiff's counsel served *further* supplemental responses without objections.

- 2 -

Prout Decl., ¶ 3, Ex. B.

## III.   APPLICABLE LAW

"Discovery sanctions lie within the discretion of the district court." *Mencia v. Allred*, 808 F.3d 463, 473 (10th Cir. 2015); *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (applying abuse of discretion standard to ruling on discovery sanctions).

### A.   <u>Courts use the lodestar calculation of fee awards.</u>

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (*Hensley*), the Supreme Court adopted the lodestar method for calculating attorneys' fee awards.  A court determines the lodestar by multiplying the number of hours reasonably expended on a particular motion by a reasonable hourly rate.  *Id*. at 433.  "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

### B.   <u>Hourly rates must be reasonable.</u>

In determining the reasonable hourly rate of an attorney, courts look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 979 (9th Cir. 2008).  A party seeking attorneys' fees must provide "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

### C.   <u>The time claimed by counsel must be reasonably expended.</u>

In addition to establishing a reasonable hourly rate, a prevailing party in a discovery dispute "bears the burden of proving that the fees and costs taxed are . . . reasonably necessary to achieve the result obtained." *Rucker v. Air Ventures, Haw., LLC*, No. 16-00492 HG-KSC, 2017 U.S. Dist. LEXIS 151498, 2017 WL 4158201, at *3 (D. Haw. Sept. 19, 2017) (citation omitted).  The court reviews time records submitted by the party seeking the fee award to determine whether the hours were reasonably

incurred or if "any of the hours were unnecessary, duplicative or excessive," or inadequately documented. *True Health Chiropractic, Inc. v. McKesson Corp*., No. 13-cv-02219-HSG (DMR), 2015 U.S. Dist. LEXIS 70620, 2015 WL 3453459, at *1 (N.D. Cal. May 29, 2015) (internal citation omitted).

## IV.   THE REQUESTED AMOUNT OF FEES ARE INAPPROPRIATE AND UNREASONABLE UNDER THE CIRCUMSTANCES

A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

To calculate the lodestar, the Court must determine a reasonable fee by multiplying the "number of hours reasonably expended" by a "reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363-65 (9th Cir. 1996). After deciding the appropriate hourly rate, the court examines the applicant's contemporaneously recorded billing records and excludes from the lodestar amount all hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Courts have a "strong preference" for contemporaneous time records; however, reconstructed time records are not per se impermissible and do not preclude an award of attorneys' fees. *U.S. v. $12,248 in U.S. Currency*, 957 F.2d, 1513, 1521 (9th Cir. 1991).

As discussed below, defense counsel have inflated both their hourly rates and the number of hours they claim to have worked on the MTC and the present fees motion. Considering the simplicity of the MTC work that elicited the present motion, it defies the experience of Plaintiff's counsel, and logic, that Defendants would need to receive anything close to the award they seek to hypothetically attract an adequate supply of capable counsel to litigate their discovery motion. *Perdue*, 559 U.S. at 552.

### A.   **The fees Motion lacks the requisite factual support for the requested hourly rates, which are excessive for the simple nature of the work.**

The moving party has the burden "to produce satisfactory evidence—*in addition to [his] attorney's own affidavits*—that [his] requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Eley v. District of Columbia*, 793 F.3d 97, 104 (D.C. Cir. 2015) (italics in opinion). Courts determine the reasonableness of attorneys' billing rates by looking to the prevailing market rates in the community. *See Blum*, *supra*, 465 U.S. at 895. A party can meet its evidentiary burden by producing an affidavit from their attorney "regarding prevailing fees in the community" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014).

Although Defendants' counsel have stated under oath their respective billing rates, the Ninth Circuit has found that the mere declaration of what an attorney bills the client is insufficient to establish the proper hourly rate. Instead, courts must utilize the "prevailing market rate in the relevant community." *United Steel Workers of America v. Retirement Income*, F.3d, 2008 WL 62449 at *8 (9th Cir. 2008).

Defendants have not produced any evidence that their requested hourly rates are comparable to those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry v. City of Los Angeles*, 751 F.3d at 1110. A starting point might have been a market survey or declaration from other lawyers in the community, to justify their rates. Opposing counsel have instead stated conclusively that their rates of $425 and $650 per hour are "reasonable and comparable to other attorneys practicing in the Los Angeles area with [their] experience and skill" for the MTC. Declaration of Valerie Saryan ("Saryan Decl."), ¶ 12; *see also* Declaration of Robert Tauler ("Tauler Decl."), ¶ 3. Counsel do not state facts, however, showing why such high hourly rates are appropriate on an unopposed discovery motion in a small defamation case. Ms. Saryan discloses only that she works in Los Angeles and was admitted to the California Bar in 2014. Saryan Decl., ¶ 12. Mr. Tauler states only that he graduated from Harvard Law School in 2005

- 5 -

and works in Los Angeles.  Tauler Decl., ¶ 2.  This is insufficient to meet Defendants' burden to show their counsels' rates are reasonable within the Los Angeles area for the underlying motion.

Moreover, the cases cited by Defendants on page eight of their Memorandum in Support of the Motion for Attorney's Fees (ECF No. 62-1) involved complex cases and large law firms representing the parties.  Further, none of the cases cited involved sanctions awarded in connection with discovery motions.  For example, *Browne v. Am. Honda Motor Co., Inc*. involved an order granting a plaintiff class's application for fees in a large products liability action against a major vehicle manufacturer.  The circumstances justifying the hourly rates in those cases are not present in the matter now before this Court.

Given what was a relatively simple MTC, unopposed by Plaintiff, and because of Plaintiff's service of supplemental responses and production of documents (though belated), the Court should find that reasonable hourly rates for the skill and experience necessary to prevail on the MTC are significantly lower than what Defendants claim in their Motion for Attorney's Fees.  Plaintiff suggests that $500/hour for Mr. Tauler and $325/hour for Ms. Saryan are reasonable under the circumstances.

**B.**  **Defendants' stated number of hours are unreasonable, and many entries are not recoverable under Rule 37(a)(5)(A).**

"The party petitioning for attorneys' fees 'bears the burden of submitting detailed time records justifying the hours claimed to have been expended.'"  *In re Washington Public Power Supply Sys. Sec. Litig*., 19 F.3d 1291, 1305 (9th Cir. 1994) (citation omitted).  Courts "may not uncritically accept a fee request, but must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case."  *Open Source Security, Inc v. Perens*, Case No. 17-cv-04002-LB, 2018 U.S. Dist. LEXIS 98169, 2018 WL 2762637, at *4 (N.D. Cal. June 9, 2018).

### 1. Defendants claim fees for activities not conducted in "making" their underlying motion to compel.

Rule 37(a)(5)(A) is the authority for recovery of attorney's fees by a party that prevails on a motion to compel. The rule states that when a motion is granted, the court must order the party that withheld disclosure and whose actions necessitated the motion "to pay the movant's reasonable expenses *incurred in making the motion*, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Thus, only time spent actually preparing the motion is compensable under Rule 37(a)(5)(A). *Berryhill v. Johnson*, No. SACV 11-1468-AG (RNBx), 2012 U.S. Dist. LEXIS 199721, 2012 WL 13020328, at \*2 (C.D. Cal. July 19, 2012). Rule 37(a)(5)(A) does not permit the wholesale recovery of all discovery-related fees.

For example, courts in the Ninth Circuit hold generally that time spent to meet and confer is not compensable. *See Aevoe Corp. v. AE Tech Col., Ltd*., Case No. 2:12-cv-00053-GMN-NJK, 2013 U.S. Dist. LEXIS 135755, 2013 WL 5324787, at \*6 (D. Nev. Sept. 20, 2013); *Berryhill v. Johnson*, *supra*, at \*3 (declining to compensate movant for time expended in connection with meet and confer efforts where a "like amount of time" would have been spent even if party had complied with requirements of Local Rule 37-1). Tasks such as meeting and conferring and analyzing Plaintiff's discovery responses are not time expended in "bringing the motion"; these and similar time entries are not compensable. *See Sandoval v. Yeter*, Case No. 18-0867-CBM (JPRx), 2019 U.S. Dist. LEXIS 227406, 2019 WL 7905731, at 4 (C.D. Cal. Oct. 31, 2019) (finding billing entries for "tasks [attorney] would have done anyway to attempt to resolve the dispute . . . not compensable.").

Based on the declarations and exhibits submitted by defense counsel in support of the present Motion, Defendants appear to seek recovery of their fees for *all* discovery activity related to the RPDs, stating, for example, hours for "work relating to obtaining

Plaintiff's documents and amended responses to Requests for Production of Documents."  Saryan Decl., ¶ 12, Ex. 8, ECF 62-2, pages 112-113 of 118; *see also* Tauler Decl., ¶ 2, Ex. 1.  Defendants are trying to obtain money for time spent in meet and confer discussions and numerous general communications with Plaintiff's counsel about the discovery responses.  *See, e.g*., ECF 62-2, Saryan Decl., ¶ 12, Ex. 8 (11/15/21, 11/16/21, 12/3/21, 12/6/21, 12/10/21, 12/21/21 time entries).; ECF 62-3, Tauler Decl., ¶ 2, Ex. 1 (11/16/21 time entry).  As noted above, courts do not compensate litigants for such time.

Further, as their billing records indicate, any time entries before December 20, 2021 for Ms. Saryan, and before December 22 for Mr. Tauler, pertain to activities not spent actually "making" the motion to compel.  *See* ECF 62-2, Saryan Decl., ¶¶ 2-11, Exs. 1-7, ¶ 12, Ex. 8 (first seven entries on ECF pages 112-114); ECF 62-3, Tauler Decl. ¶ 2, Ex. 1 (first four entries on ECF page 6 of 10).

### 2.   The record also contains insufficiently descriptive entries and excessive, redundant or otherwise unnecessary activities.

Courts often reduce fee awards where counsel's billing records contain insufficiently descriptive entries, show evidence of block billing, or billing in large time increments.  *See e.g., Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Moreover, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'"  *Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000) (citation omitted).  As shown in the table below, counsels' records include such problematic entries.

### 3.   Requested reductions in Defendants' claimed fees.

The following table shows opposing counsels' improper work that the Court should discount from Defendants' fee application:

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FRCP 37(a)(5)(A)

| Person | Date of work | Billing entry | Hours | Rate | Total |
|---|---|---|---|---|---|
| Robert Tauler[1] | 11-16-21 | Reviewed and revised Defendants meet and confer letter re plaintiff's failure to produce documents and insufficient RFP responses. | 0.4 | $650 | 260.00 |
| " | 12-6-21 | Emails with associate V. Saryan re delegation of tasks for drafting and researching stipulated motion to compel plaintiff's production of documents and RFPs. | 0.1 | 650 | 65.00 |
| " | 12-20-21 | Phone call with associate V. Saryan re discovery disputes, strategizing, chamber and local rules re disputes, and delegation of tasks re the same. | 0.2 | 650 | 130.00 |
| " | 12-21-21 | Emails and phone calls with associate V. Saryan re stipulated motion to compel plaintiff's production of documents and amended responses to RFPs.[2] | 0.2 | 650 | 130.00 |

---

[1] *See* Tauler Decl., ¶ 2, Ex. 1.
[2] This entry is vague as to the nature or purpose of the work.  Defendants do not clarify if this work was spent in "making" the current Motion, or was a discussion between counsel about whether to litigate

Continued on the next page

- 9 -

| | | | Tauler total | **0.90** | | **585.00** |
|---|---|---|---|---|---|---|
| Valerie Saryan[3] | 11-15-21 | | Drafted meet and confer letter re plaintiffs failure to produce documents and responses and objections to RFPs (3.9); reviewed plaintiff's RFP responses to include in meet and confer letter (1.9) | 5.8 | 425 | 2,465.00 |
| " | 11-16-22 | | Revised and finalized defendants meet and confer letter re plaintiffs RFP responses (1.7); reviewed defendants production of documents to include in meet and confer letter (1.6); conducted Lexis research re FRCP and case law re discovery and Rule 34 to include in meet and confer letter (2.9) | 6.2 | 425 | 2,635.00 |
| " | 12-3-21 | | Emails with opposing counsel re protective order and plaintiff's failure to respond to meet and confer letter re plaintiff's failure to produce documents and | 0.1 | 425 | 42.50 |

the Motion in the first instance.  "The party petitioning for attorneys' fees 'bears the burden of submitting detailed time records justifying the hours claimed to have been expended.' "  *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (citation omitted).  The Court should disregard time entries that contain insufficiently descriptive entries.  *See Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

[3] *See* Saryan Decl., ¶ 12, Ex. 8.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FRCP 37(a)(5)(A)

| | | | | | |
|---|---|---|---|---|---|
| | | | amend responses to RFPs | | | |
| " | 12-6-21 | Emails with opposing counsel re failure to respond to meet and confer letter re plaintiff's production of documents and asking for phone call re same (0.1); internal emails re drafting stipulation motion to compel plaintiff's production of documents (0.1) | 0.2 | 425 | 85.00 |
| " | 12-8-21 | Emails with opposing counsel re requesting date for plaintiff's production of documents and asking for phone call re same (0.1) | 0.1 | 425 | 42.50 |
| " | 12-10-21 | Meet and confer call with Shannen Prout re Plaintiff's deficient production of documents and responses to requests for production of documents. | 0.6 | 425 | 255.00 |
| " | 12-20-21 | **Read and reviewed magistrate's rules re discovery disputes to determine strategy for obtaining plaintiff's documents (0.3); internal** | 0.7 | 425 | 297.50 |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FRCP 37(a)(5)(A)

| | | | | | |
|---|---|---|---|---|---|
| | | **emails re the same (0.1); phone call with counsel Tauler re discovery dispute strategy, magistrates rules re disputes, and delegation of tasks (0.2); emails with opposing counsel re discovery (0.1);**[4] began drafting stipulation motion to compel plaintiff's production of documents and amended responses to requests for production of documents. (3.9) | | | |
| " | 12-21-21 | Drafted stipulated motion to compel Plaintiff's production of documents and amended responses to requests for production of documents (5.3); internal emails and phone calls re the same (0.1)**; reviewed plaintiff's responses to discovery, meet and** | 3.6 | 425 | 1,530.00 |

---

[4] The bolded activities do not appear to have been necessary to "making" Defendants' MTC.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FRCP 37(a)(5)(A)

| | | | confer letters, and pleadings to include in motion (**1.5**); read and reviewed local rules and judges rules re motion to ensure compliance (0.3); **emails with opposing counsel re depositions, document production, and discovery responses to defendants requests (0.2); reviewed plaintiff's 83 pages of document production to determine sufficiency and responsiveness to requests (0.9)**; internal emails re the same (0.1).[5] | | | |
| " | 12-28-21 | Emails with opposing counsel re Plaintiff's failure to produce documents[6] | 0.1 | 425 | 42.50 |
| " | 1-5-21 | Reviewed Plaintiff's supplemental | 0.3 | 425 | 127.50 |

---

[5] The bolded activities do not appear to have been necessary to "making" Defendants' MTC. Further, the second and third bolded entries are vague as to the nature or purpose of the work.  Defendants do not clarify if this work was spent in "making" the current Motion, or activities that defense counsel would have performed regardless of litigating an MTC.

[6] This activity was unnecessary to "making" Defendants' MTC.  It appears to be a meet and confer effort.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FRCP 37(a)(5)(A)

| | | | | | |
|---|---|---|---|---|---|
| | | production of documents and amended responses to RFPs[7] | | | |
| | | Saryan total | **17.70** | | **7,522.50** |
| Luca Stein[8] | 12-21-21 | Edit Joint Stipulation for Motions to Compel Production of Documents (0.9); draft Notice of Motion and Declaration of Valerie Saryan in support of Motions to Compel Production of Documents (1.7); **review Judge's and Local rules regarding filing of discovery motions and provide summary to V. Saryan (0.5)**; review and **Plaintiff's document production and prepare summary of same (0.6)**.[9] | 1.1 | $100 | 110.00 |
| " | 12-29-22 | Draft Proposed Order on Motion to Compel Production; edit | 3.1 | 100 | 310.00 |

---

[7] This activity was not necessary to "making" Defendants' MTC. Defense counsel would have presumably performed this action regardless of making an MTC.

[8] *See* Tauler Decl., ¶ 3, Ex. 2.

[9] The bolded billing entries appear excessive or otherwise unnecessary. Defendants' papers do not indicate why Mr. Stein needed to summarize Judge Gee or Judge Kim's chambers rules for Ms. Saryan. Further, reviewing Plaintiff's discovery responses and summarizing them is an activity that Defendants would have presumably conducted anyway, regardless of Defendants' desire to litigate an MTC. *See Sandoval v. Yeter*, Case No. 18-0867-CBM (JPRx), 2019 U.S. Dist. LEXIS 227406, 2019 WL 7905731, at 4 (C.D. Cal. Oct. 31, 2019) (finding billing entries for "tasks [attorney] would have done anyway to attempt to resolve the dispute . . . not compensable."). "[A] district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citation omitted). Additionally, the bolded activities do not appear to have been necessary to "making" Defendants' MTC.

- 14 -

| | | | | | |
|---|---|---|---|---|---|
| | | Declaration of Valerie Saryan in support of Motion to Compel Production, and prepare exhibits to same; proofread, finalize, and file Motion to Compel Production and supporting documents.[10] | | | |
| " | 1-18-22 | Prepare initial drafts of Notice of Motion for Attorney's Fee, Memo in Support, Declarations of Saryan and Tauler in Support, and Proposed Order on same.[11] | 1.6 | 100 | 160.00 |
| | | Stein total | **5.80** | | **580.00** |

### 4. Plaintiff objects to the award of any fees for Luca Stein because there is no competent evidence of his time.

Defendants request an award of $1,890.00 corresponding to 18.9 hours at $100/hour for Luca Stein, defense counsel's paralegal. Because Mr. Stein did not submit his own declaration under penalty of perjury in support of this amount, however, the Court lacks the necessary credible evidence to support an award for any of Stein's work. Robert Tauler's declaration as to work that Stein may have performed lacks appropriate foundation. Mr. Tauler did not state in his declaration the requisite personal knowledge of the work (Fed. R. Evid. 602). The time records proffered for Mr. Stein's

---

[10] This is a block bill entry and should be disregarded by the Court. Defendants do not indicate what portion of the 3.1 hours were spent on what listed activities. Courts reduce fee awards where counsel's billing records show evidence of block billing or billing in large time increments. *See e.g., Welch v. Metro. Life. Ins. Co*., *supra*, 480 F.3d at 948.

[11] Ditto as fn. 6. Defendants don't indicate what portion of the 1.6 hours were spent on what particular activities.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES UNDER FRCP 37(a)(5)(A)

activities are also inadmissible as irrelevant, because the Tauler Declaration does not show the conditional fact that Mr. Stein actually entered or approved the time entries. Fed. R. Evid. 104(b); 402.  The billing records for Mr. Stein are also inadmissible hearsay (Fed. R. Evid. 802) and not properly authenticated (Fed. R. Evid. 901).  The Court should disregard any time entries and claimed compensation for Stein, and thus discount Defendant's requested fees by an additional $1,890.

## V.   THE DISCOUNTED TOTALS OF COUNSELS' TIME AND FEES

As noted, Defendants' MTC was a straightforward, unopposed motion.  The only issue involved on the MTC was whether Plaintiff needed to respond further to the RPDs.  While 43 pages long, on its face the MTC involved mostly copying and pasting the parties' RPDs and responses and Defendants' repeated rationale for compelling further responses.  When Plaintiff failed to respond to the MTC, Defendants declined to submit a Notice of Non-Opposition.  Using the rates suggested above in Section IV.A. and subtracting the figures discussed above in Section IV.B.3 & 4, Plaintiff arrives at the following fees for the MTC and present sanctions motion:

| Name | Adjusted Time | Adjusted Rate | Total |
|------|---------------|---------------|-------|
| Robert Tauler | 4.3 | 500.00 | 2,150.00 |
| Valerie Saryan | 36.6 | 325.00 | 11,895.00 |
| Luca Stein | 0.00 | -- | 0.00 |
| TOTAL | 40.9 hours | | $14,045.00 |

## VI.   PLAINTIFF REQUESTS A FURTHER DISCOUNT FOR THE UNREASONABLE NUMBER OF HOURS BILLED

The Court may apply a further reduction in hours or discount on fees as appropriate under the circumstances.  Where the number of hours billed by counsel was excessive, particularly in light of a MTC that "did not involve complex or unusual

- 16 -

issues," a further discount of time is appropriate. *Koninklijke Philips Elecs. N.V. v. Power Media Cd Tek Inc.*, No. CV 07-4788-SVW(SSx), 2008 U.S. Dist. LEXIS 130399, at *9 (C.D. Cal. Feb. 6, 2008)(applying 41% and 43% discounts on requested fees in a Rule 37(a)(5)(A) motion for sanctions); see also *Hensley*, 461 U.S. at 437 ("the district court has discretion in determining the amount of a fee award").

Because of the simple nature of the unopposed MTC, it should not have taken defense counsel as long as it did to prepare that filing and the present motion for sanctions.  Plaintiff requests application of a discount of 40% to further reduce the time of Valerie Saryan to a total of 21.6 hours, which at a rate of $325 equals a total fee for Ms. Saryan of $7,020.00.

## VII.   CONCLUSION

For the foregoing reasons, plaintiff Arya Toufanian asks that the Court award of fees to Defendants of no more than $9,170.  Defense counsel's declarations evidence excessive, redundant, or otherwise unnecessary activities, and activities that were not conducted in actually making Defendants' motion to compel further discovery responses.

Dated:  January 26, 2022               WEINBERG GONSER LLP

By:  */s/ Shanen R. Prout*
Lee M. Weinberg
Shanen R. Prout
Bryan B. Bitzer
Attorneys for Plaintiff Arya Toufanian

- 17 -