Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

*Attorneys for Defendants*
Kyle Oreffice and Give Back Media, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARYA TOUFANIAN, an individual,<br><br>        Plaintiff,<br>   vs.<br><br>KYLE OREFFICE, an individual,<br>GIVE BACK MEDIA, LLC, a Georgia<br>limited liability company; and DOES<br>1-10,<br><br>        Defendants. | Case No. 2:19-cv-07934-DMG-SS<br><br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR COUNSEL'S FAILURE TO COMPLY WITH COURT'S SCHEDULING AND CASE MANAGEMENT ORDER [DKT. 77]** |

## I.   INTRODUCTION

Defendants Kyle Oreffice and Give Back Media LLC ("Defendants") and its counsel of record respectfully submit that the Court should discharge its Order to Show Cause Why Sanctions Should Not Be Imposed for Counsel's Failure to Comply with Court's Scheduling and Case Management Order (Dkt. 77) for the reasons set forth below.

## II.   RELEVANT FACTUAL BACKGROUND

Since this case was filed on September 12, 2019, Plaintiff failed to conduct any depositions and failed to respond to Defendants' document requests, did not bother to oppose Defendants' motion to compel production of documents, and did not pay Defendants' attorneys' fees by the Court's ordered deadline. (Declaration of Robert Tauler ["Tauler Decl."] ¶ 2). After Defendants' motion to compel requesting sanctions for Plaintiff's failure to participate in the case (Dkts. 60, 62), the parties began settlement discussions. (Tauler Decl. ¶ 3).

Thus, on January 21, 2022, the parties participated in a mediation. Since that date, the parties negotiated settlement terms that both parties agreed to, and counsel for both parties drafted a settlement agreement and related documents. (Tauler Decl. ¶ 4). Before the settlement agreement was executed, on January 28, 2022, the Court ordered Plaintiff to pay Defendants' attorneys' fees in relation to Defendants' motion to compel. (Dkt. 65). Plaintiff was ordered to pay Defendants by February 4, 2022, however, Plaintiff did not comply with this Court Order. (Tauler Decl. ¶ 5). On or around February 7, 2022, Defendants' counsel informed Plaintiff of his failure to comply with the Court Order (Dkt. 65), and, around that time, Plaintiff's counsel, Mr. Shanen Prout, stopped all communications with Defendants' counsel. (Tauler Decl. ¶ 6). Mr. Prout (now Plaintiff's predecessor counsel), did not communicate with Defendants' counsel at any point after that date. (Tauler Decl. ¶ 7). New counsel were substituted in the following months. (Dkts. 67, 69).

Defendants' counsel did not hear from new counsel until April 18, 2022, the day before the pretrial filings were due pursuant to the Court's Scheduling and Case

DEFENDANTS' RESPONSE TO OSC                              2:19-cv-07934-DMG-SS

Management Order ("CMO"), when Plaintiff's new *pro hac vice* counsel, Mr. Joseph Sibley, contacted Defendants for the first time. (Tauler Decl. ¶ 9, Ex. A). Mr. Sibley applied to appear *pro hac vice* on April 12, 2022 (Dkt. 68) and new local counsel of record, Mr. Larry Hilton, filed a notice of appearance on March 29, 2022 (Dkt. 66). Predecessor counsel of record, Mr. Prout, withdrew representation on March 29, never informed Defendants' counsel that he was withdrawing representation, and substitute counsel Mr. Hilton never contacted Defendants' counsel at any time since appearing as counsel of record. (Tauler Decl. ¶ 8).

On April 18, 2022, at 9:04 a.m, Defendants' counsel received a communication from Plaintiff for the first time since approximately February 7.  The email was sent from Plaintiff's *pro hac vice* counsel, Mr. Sibley, as seen below:



(Tauler Decl. ¶ 9, Ex. A).

Plaintiff's counsel's email introduced Plaintiff's new *pro hac vice* counsel and local counsel for the first time. (Tauler Decl. ¶ 9). Mr. Sibley attached Plaintiff's drafts of three pretrial materials—Plaintiff's joint statement of the case, witness list, and exhibit list—and asked Defendants' counsel to "get back to me on this by tonight with your inclusions on these materials." (Tauler Decl. ¶ 10, Ex. A). Mr. Sibley also wrote, "I'll send you a draft of jury instructions / pretrial order later today," but Mr. Sibley never sent these documents to Defendants' counsel at any time. (Tauler Decl. ¶ 10). The email did not ask to "meet and confer" or have a phone call. (Tauler Decl. ¶ 11). Plaintiff's counsel did not provide any excuse or reason as to why he did not reach out sooner, why he waited until the day prior to the April 19th deadline to send the draft joint statement of the case, witness list, and exhibit list, or why he was not providing any of the other pretrial materials that Plaintiff filed on April 19. (Tauler Decl. ¶ 12).

Defendants' counsel responded to Mr. Sibley's email immediately, saying he would soon be on vacation, and pointing out that "The conference should have occurred several weeks ago," and that the deadline to meet and confer under L.R. 16-2 was March 31, 2022. (Tauler Decl. ¶ 13, Exs. B). Plaintiff's counsel did not request to meet and confer about the pretrial materials after this email, and did not mention any of Plaintiff's plans to file additional pretrial materials. (Tauler Decl. ¶ 14).[1]

On April 19, 2022, Plaintiff unilaterally filed seven separate documents, without Defendants' input, discussion, and/or notice, in violation of the CMO and Local Rule 16-2. (Tauler Decl. ¶ 15). Plaintiff filed unilaterally: Plaintiff's Trial Exhibit List (Dkt. 70); Plaintiff's Proposed Jury Instructions (Dkt. 71); Plaintiff's Proposed Verdict Form (Dkt. 72); Plaintiff's Memorandum of Contentions of Fact and Law (Dkt. 73); Plaintiff's [Proposed] Voir Dire Questions (Dkt. 74); Declaration of Joe Sibley re Compliance with Local Rule 16-2 (Dkt. 75); and Notice of Lodging of Plaintiff's [Proposed] Final Pretrial

---

[1] Plaintiff's counsel only responded to Defendants' counsel's subsequent emails concerning Defendants' unrelated request to meet and confer for Defendants' motion to dismiss for failure to prosecute, to which Mr. Sibley said he was unavailable to meet and confer via phone until April 20. (Tauler Decl. ¶ _).

DEFENDANTS' RESPONSE TO OSC                    2:19-cv-07934-DMG-SS

Conference Order (Dkt. 76). Prior to Plaintiff's filing on April 19, 2022, Defendants' counsel never saw or discussed in any way *any* of these unilaterally filed pretrial materials, with the exception of the trial exhibit list, which Mr. Sibley emailed the day prior. (Tauler Decl. ¶¶ 10, 16, Ex. A).

Included in Plaintiff's April 19th filings is a "Declaration of Joe Sibley re Compliance with Local Rule 16-2," but, despite the title, this declaration did not actually certify that Plaintiff complied with the meet and confer requirement before filing the pretrial materials. (See Dkt. 75). This is because Plaintiff did not comply with the meet and confer requirement before filing the pretrial materials. Instead, the declaration confusingly diverts the Court's focus onto various unrelated, mischaracterized, and untrue alleged conduct by Defendants' counsel over the last two years which new counsel was not privy to. *Id*.

## III. DEFENDANTS' COUNSEL DID NOT REFUSE TO TIMELY COOPERATE IN THE FILING OF THE APRIL 19TH PRETRIAL MATERIALS.

### A. Plaintiff's Unilateral Filing of the Pretrial Materials.

Plaintiff's counsel has never raised the topic of trial to Defendants' counsel prior to April 18, the day before all pretrial materials were due to be filed. (Tauler Decl. ¶ 23). Plaintiff unreasonably delayed the topic of trial until April 18, bypassing all of the meet and confer and disclosure requirements, placing Defendants' counsel in an unfair and unreasonable position.

The CMO requires compliance with Local Rule 16-2. (See Dkt. 49 at p. 5, 8). Local Rule 16-2 requires counsel to meet and confer by March 31, 2022, forty days before the May 10th Final Pretrial Conference. (See also, Dkt. 49 at 5, 8). Additionally, the CMO requires counsel to meet and confer to attempt to come to agreement by March 31, 2022 on the proposed jury instructions and special verdict forms. (Dkt. 49 at p. 8:9-11).

Here, Plaintiff's counsel did not follow the CMO or Local Rule 16-2 before filing Plaintiff's pretrial materials on April 19. Here, Plaintiff did not meet and confer in person, by phone or by email forty days prior to the May 10th Final Pretrial Conference [March 31, 2022]. (Tauler Decl. ¶ 17). Indeed, Plaintiff did not attempt to meet and confer at any time before filing any of the April 19th pretrial materials. (Tauler Decl. ¶ 17).

The CMO also requires counsel to disclose and serve certain pretrial filings that a party intends on filing by March 31 [40 days prior to pretrial conference pursuant to L.R. 16-2]. (Dkt 49 at p. 5). The CMO additionally requires counsel to serve proposed jury instructions and special verdict forms by March 17, 2022 [14 days before the L.R. 16-2 meeting of counsel], and allow time for objections by March 27, 2022. (Dkt. 49 at p. 8:2-11).

Here, Plaintiff did not disclose or exchange the proposed jury instructions and special verdict forms by the March 17th deadline (or at any time thereafter before filing), and did not allow Defendants any time to serve objections. (Tauler Decl. ¶ 18). Plaintiff did not disclose to Defendants' counsel by March 31 (or any time thereafter) Plaintiff's Memorandum of Contentions of Fact and Law, proposed Final Pretrial Conference Order, exhibit list, witness list, or proposed voir dire questions before filing them on April 19. (Tauler Decl. ¶ 19). Plaintiff chose not to disclose any of these materials to Defendants before filing them.

Defendants' counsel did not refuse to cooperate with the disclosure of pretrial materials because Defendants did not know that Plaintiff was filing any of the pretrial materials until either April 18 [when Plaintiff disclosed his exhibit list, witness list, and statement of the case] or April 19 [after all the pretrial materials were filed]. (Tauler Decl. ¶ 20).

Lastly, L.R. 16-2.9 requires the parties to "exhaust all possibilities of settlement." Plaintiff did not make any attempts to continue the settlement negotiations, even though the settlement terms were agreed to by both parties, the settlement agreement and

5

ancillary documents were substantially drafted by Plaintiff's predecessor counsel and Defendants' counsel, and were on the brink of execution. (Tauler Decl. ¶ 24).

## B. <u>Defendants' Counsel Did Not Refuse to Cooperate in Compliance with the CMO or Local Rule 16-2.</u>

Defendants' counsel did not intentionally violate the CMO or the Local Rules, nor did Defendants' counsel act in bad faith. Defendants' counsel never refused to cooperate in the filing of joint pretrial materials or in any meet and confers. (Tauler Decl. ¶ 21). Plaintiff's counsel never requested to meet and confer on any of the pretrial materials Plaintiff filed on April 19th, or on anything else required by the CMO or L.R. 16-2. (Tauler Decl. ¶ 21). The only communication Defendants' counsel received from Plaintiff's counsel was an email on April 18 at 9:04 am, that asked Defendants' counsel to send back the proposed witness and exhibit lists and statement of the case "by tonight" and said "I'll send you a draft of jury instructions / pretrial order later today" but never actually sent these documents at any point. (Tauler Decl. ¶ 10, Ex. A). The April 18th email did not ask to meet and confer or have a phone call. (Tauler Decl. ¶ 11, Ex. A).

Plaintiff's counsel never asked to meet and confer, and Defendants' counsel never denied a request to meet and confer. (Tauler Decl. ¶ 22). Thus, Defendants' counsel could not have refused to cooperate with any attempts to meet and confer if no attempts were ever made. Rather, Defendants' counsel said he could not turn around Defendants' portion of the three attached pretrial materials (joint witness list, joint exhibit list, joint statement of case) with less than 12 hours' notice because he was on vacation. (Tauler Decl. ¶ 13, Ex. B). This is not an unreasonable response because Plaintiff's counsel was required to send these three materials by March 31st but waited until April 18th to send them.[2] As such, Defendants' counsel was acting reasonably under the circumstances.

---

[2] To be clear, the vacation of Defendants' lead counsel was not intended to be an excuse to not contact opposing counsel. Rather, as explained herein, Defendants' lead counsel did not anticipate the Plaintiffs intended to proceed with the case given the history of the dispute and the previous settlement negotiations detailed herein. To the extent the Court

6

Moreover, Plaintiff's counsel never even sent Defendants' counsel the proposed jury instructions, special verdict forms, pretrial conference order, memorandum of conclusions of fact and law, or voir dire questions, so it was impossible for Defendants to provide their portions to these joint pretrial materials that were unilaterally filed by Plaintiff without Defendants' counsel's knowledge. (Tauler Decl. ¶¶ 15, 16). Defendants' counsel should not be sanctioned for "not cooperating" in the filing of materials it did not know Plaintiff's counsel drafted and intended to file, were never disclosed at any point, and never given the opportunity to add Defendants' portions. (Tauler Decl. ¶¶ 18-21).

It is important to note that Plaintiff's "Declaration of Joe Sibley re Compliance with Local Rule 16-2" misleads the Court into mischaracterizing Defendants' counsel's email response as a refusal to meet and confer on the pretrial materials. (Dkt. 75). Plaintiff's Counsel's "Declaration of Joe Sibley re Compliance with Local Rule 16-2," however, is misleading because on its face, it appears that Plaintiff's counsel attempted to meet and confer and Mr. Tauler refused because he was on vacation. *Id*. The emails submitted as Exhibits A and B show this is simply not true. (Tauler Decl. ¶ 10, 13, Exs. A, B). Defendants' counsel points out in his response email to Mr. Sibley that, "The [L.R. 16-2 meet and confer] conference should have occurred several weeks ago." (Tauler Decl. ¶ 13, Ex. B).  If Plaintiff followed the CMO and L.R. 16-2, and requested the meet and confer by the March 31st deadline, Defendants' counsel would have had reasonable time to work on and meaningfully confer on these pretrial materials with Plaintiff's counsel (before his scheduled vacation). However, Defendants' counsel was never given that opportunity because Plaintiff's counsel did not attempt to meet and confer and instead just unilaterally filed all the pretrial materials on April 19.

### C. Defendants' Counsel Has a Justifiable Reason For Not Inquiring With Plaintiff's Counsel About Timely Submission of Pretrial Materials.

---

has the impression that vacation takes precedence over the Court's deadlines, Defendants' counsel submits its sincere apology.

DEFENDANTS' RESPONSE TO OSC                              2:19-cv-07934-DMG-SS

**1. The Parties Agreed to Stop Litigating the Case in Light of the Imminent Execution of the Proposed Settlement Agreement.**

After the mediation on January 21, 2022, the parties both agreed in good faith to settlement terms and engaged in several communications and exchanges of a draft settlement agreement and ancillary documents for over two weeks. (Tauler Decl. ¶ 4). There was no reason to waste money or time on pretrial materials given the settlement agreement documents were almost finalized. (Tauler Decl. ¶ 4). On or around February 7, 2022, Plaintiff's predecessor counsel stopped communicating about the settlement drafts, however, Defendants did not find this to be out of the ordinary because, at the time, the Court ordered Plaintiff to pay Defendants' attorney's fees by February 4, 2022. (Dkt. 65). (Tauler Decl. ¶ 5). Plaintiff's counsel stopped communications with Defendants' counsel after the Court's January 28th order, and proceeded to violate the order by failing to pay the Court-ordered fees by the deadline. (Tauler Decl. ¶¶ 5-7). After Defendants' insistence, Plaintiff paid the Court-ordered fees on or around February 7, and then proceeded to go silent. (Tauler Decl. ¶ 6, Ex. C). At this time, Defendants' counsel reasonably believed that Plaintiff was not interested in prosecuting the case. (Tauler Decl. ¶ 7).

Indeed, Plaintiff stopped prosecuting his case and was completely silent until March 29, when Plaintiff's predecessor counsel withdrew, and new local counsel substituted in this case. (Tauler Decl. ¶ 8). Defendants' counsel did not have prior knowledge of the impending change in counsel, and there were no communications with Defendants' counsel about it. (Tauler Decl. ¶ 8). Defendants' counsel awaited Plaintiff's new counsel to reach out and apprise Defendants of what was happening with the settlement discussions. (Tauler Decl. ¶ 8). Plaintiff's new local counsel never initiated contact with Defendants' counsel, and after about two weeks, additional new counsel applied for *pro hac vice* in this case. (Tauler Decl. ¶ 8). Defendants' counsel again awaited new *pro hac vice* counsel or local counsel to reach out, but they did not. (Tauler Decl. ¶ 8).

DEFENDANTS' RESPONSE TO OSC                    2:19-cv-07934-DMG-SS

In sum, the parties were engaged in serious settlement negotiations, settlement documents were substantially drafted, and then Plaintiff's counsel stopped responding without warning or notice on or around February 7, and, after multiple substitutions of counsel, reappeared April 18, the day before all pretrial filings were due, without mention of settlement, and instead rattling a saber for trial. (Tauler Decl. ¶¶ 3-10 ).

Plaintiff never communicated that settlement was foreclosed or Plaintiff's intent to proceed to trial. (Tauler Decl. ¶ 24). Such a communication was warranted under the circumstances, instead of a surprise, "gotcha" litigation gambit not intended for any legitimate purpose, but rather, intended only to make Defendants' counsel look bad in front of the Court.[3] Although counsel for Defendants regrets not immediately reaching out to Plaintiff's new counsel, such that this filing could have been avoided, Defendants' counsel could not have anticipated Plaintiff's dramatic change of course given the history of the case. (Tauler Decl. ¶ 25).

## D. Defendants' Counsel's Conduct Does Not Warrant Imposition of Sanctions.

The circumstances do not warrant imposition of sanctions against Defendants' counsel. The Supreme Court has held, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); see also, *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766-67 (1980)(limiting court's inherent power to issue sanctions order to instances of bad faith, disobedience of a court order and vexatious, wanton and oppressive actions). The Ninth Circuit has explained that a court may issue sanctions pursuant to its inherent powers only upon a specific finding of "bad faith or conduct tantamount to bad faith." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002)(holding sanctions permissible where litigation is "substantially motivated by vindictiveness, obduracy, or mala fides"). "In every case, however, "the level of misconduct must meet a 'high threshold' to be sanctionable." *Del Nero v. Midland Credit Mgmt.*, No. CV 04-1040 ABC (SHx), 2010

---

[3] "[l]itigation is not a game of "gotcha" or "hide the ball."" *Brown v. CA DMV*, No. ED CV 18-1418-CJC(E), 2019 U.S. Dist. LEXIS 230512, at *18 (C.D. Cal. Jan. 14, 2019).

DEFENDANTS' RESPONSE TO OSC                    2:19-cv-07934-DMG-SS

WL 1227453 at *2 (C.D. Cal. Mar. 30, 2010) quoting *Mendez v. Cnty. of San Bernardino,* 540 F.3d 1109, 1132 (9th Cir. 2008).

Here, the circumstances do not warrant sanctions against Defendants' counsel. Defendants' counsel did not act in bad faith nor have they acted in any vexatious, wanton, or oppressive manner. Defendants' counsel engaged in settlement negotiations in good faith with Plaintiff's predecessor counsel, and relied on Plaintiff's predecessor counsel's representations that settlement was finalized, and just needed to be put in a formal writing. (Tauler Decl. ¶ 4). Defendants' counsel should not be sanctioned for acting in reliance on Plaintiff's predecessor counsel's representations that Plaintiff agreed to settle to concrete terms. Further, Defendants' counsel did not refuse in bad faith to cooperate with Plaintiff's counsel and did not intentionally refuse to comply in bad faith with the CMO or local rules. (Tauler Decl. ¶¶ 20-21). Thus, Defendants' counsel's conduct does not rise to the level of sanctionable conduct.

## IV. CONCLUSION

Based on the foregoing, Defendants and its counsel respectfully request that the Court discharge its Order to Show Cause.

DATED: May 6, 2022                    TAULER SMITH LLP


                                      By:   */s/ Robert Tauler*
                                            Robert Tauler, Esq.
                                            *Attorneys for Defendants*
                                            *Kyle Oreffice and Give Back*
                                            *Media, LLC*

DEFENDANTS' RESPONSE TO OSC                    2:19-cv-07934-DMG-SS

# <u>CERTIFICATE OF SERVICE</u>

I hereby certified that I served the foregoing document on all parties of record by through the Court's CM/ECF system:

DATED: May 6, 2022                    TAULER SMITH LLP


                                      By:    */s/ Robert Tauler*
                                             Robert Tauler, Esq.
                                             *Attorneys for Defendants*
                                             *Kyle Oreffice and Give Back*
                                             *Media, LLC*

DEFENDANTS' RESPONSE TO OSC                          2:19-cv-07934-DMG-SS